### SHARPTON v. AUGUSTA AND AIKEN RY.

1. EVIDENCE—INTOXICATION.—Under plea of contributory negligence, that plaintiff was negligent in going on defendant's right of way, and thereby contributed to the accident, defendant may show by direct question to plaintiff and by his declarations that he was intoxicated at the time of the accident; also, under plea of general denial of defendant's negligence, defendant may show that plaintiff was intoxicated at time of accident, as tending to show his own negligence; and it is also competent as tending to impair his credibility. MR. JUSTICE WOODS *does not think contributory negligence is properly pleaded here.*

2. INTOXICATION—NEGLIGENCE.—CHARGE that voluntary intoxication will not excuse a traveler for failure to exercise ordinary care at a railroad crossing is not applicable to this case.

3. EVIDENCE—LETTER.—Where a witness testifies he did not write a letter or did not authorize any one to write it for him, it cannot be read to him for purpose of asking him if he did not write it.

4. WITNESS—DISCRETION.—It is discretionary with trial Judge to allow a witness who has been in Court room a part of the time to be examined, on matters not testified to by other witnesses, where all witnesses have been excluded by order of Court.

5. EXCEPTIONS.—If Judge err in stating issues raised by pleadings, it is incumbent on appellant to call his attention to it, if he desires to make it the basis of an exception.

6. CHARGE.—In order that charging a proposition of law to which there are no facts applicable constitute reversible error, there must be reasonable ground to suppose the jury may have been misled to the prejudice of appellant.

7. IBID.—EXCEPTION.—If a request be proper and is charged, and in remarks relative thereto the Judge commit error, such error should be made the basis of an exception to procure consideration of the remarks.

8. ELECTRIC RAILROADS—NEGLIGENCE.—Those in charge of electric cars are required to keep an ordinary lookout for persons on its tracks.

Before TOWNSEND, J., Aiken, winter term, 1905.   Reversed.

Action by B. C. Sharpton against Augusta and Aiken Railway Co.   From judgment for plaintiff, defendant appeals.   The third request of the plaintiff, referred to in the fourteenth exception, is as follows:

"3d. If the jury should find that those in charge of the electric car in question failed to keep an ordinary lookout for persons upon the track, or that they failed to give such signals as would have given a warning of the approach of said car, and that the injury of the plaintiff (if he has been injured at all) was caused thereby, and that such failure to keep an ordinary lookout, or such failure to give signals amounted to wilfulness and wantonness, or was such a disregard of the consequences and of the rights of others as to amount to wilfulness and wantonness, then the jury is charged that the defendant company would be liable for damages for any injury that may have resulted to the plaintiff through such misconduct."   I charge you that.

The defendant's exceptions are:

"1. Because the Court erred in refusing to allow counsel for defendant to ask the plaintiff, while a witness on the stand, on cross-examination: 'Were you under the influence of liquor at the time you were hit by the car?'   Such ruling being error:

"(a) Because it was the right of the defendant, upon cross-examination, to thoroughly sift the witness.

"(b) Because it was the right of the defendant to show what the mental condition of the witness was at the time that the acts he was testifying about occurred.

"(c) Because it was the right of the defendant to show that the witness was at the time of the occurrence of the acts testified about incompetent to have seen or heard and become conscious of the same.

"(d) Because it was the right of the defendant to show what was the condition of the plaintiff at the time he went upon the right of way of the defendant, so that the jury could properly estimate whether it was negligence on the part of the plaintiff to enter upon the said right of way at that time and in his then condition.

"(e) Because the defendant had the right, under a general denial, to show that the injury was caused alone by the negligence of plaintiff.

"(f) Because the refusal to allow said question was an abuse of discretion on the part of the Court.

"2. Because the Court erred in refusing to allow counsel for the defendant to propound to the plaintiff, as a witness on cross-examination, the following question: 'Did you not say to Dr. Shaw at the same time, in that conversation, that you were drunk when you received your hurt?' Such ruling was error:

"(a) Because it was the right of the defendant, upon cross-examination, to thoroughly sift the witness.

"(b) Because it was the right of the defendant to show the mental condition of the witness at the time that the acts he was testifying about occurred.

"(c) Because it was the right of the defendant to show that the witness was at the time of the occurrence of the acts testified about incompetent to have seen or heard and become conscious of the same.

"(d) Because it was the right of the defendant to show what was the condition of the plaintiff at the time he went upon the right of way of the defendant, so that the jury could properly estimate whether it was negligence on the part of the plaintiff to enter upon the said right of way at that time and in his then condition.

"(e) Because the defendant had the right, under a gene-

ral denial, to show that the injury was caused alone by the negligence of plaintiff.

"(f) Because the refusal to allow said question was an abuse of discretion on the part of the Court.

"(g) Because it was the right of defendant to lay the foundation for impeachment.

"3. Because the Court erred in refusing to allow counsel for defendant to read to George Burgess, a witness for plaintiff, the contents of a letter for the purpose of asking the witness whether or not he had authorized the said letter to be written, the said letter reading as follows:

" 'LAGRANGE, GA., August 21, 1903.

" 'Mr. G. H. Conklin—Dear Sir Your letter just rec. to day and answer at once.    Mr. Sharpenter offered me $25.00 if I would swear I saw the car strike him and he was in S. C.    I was in Ga. at work in Clarks Mill.    that is what I know about it.

" 'Mr. Sharpenter said that he had one man that was going to swear for him.    I don't remember his name onley his given name is Joe but I can show him to you when I come.    Mr. Sharpenter wanted me to swear that he wanted me to go get him some whiskey that day that he had not drank anything.

" 'I had not seen him in 3 or 4 weeks before the axedent and I saw him about 6 weeks after that.    this is all I know about it just like I am writing.    Any time that you need me I will come at once will tell you the same when I get thair that I have told you now.

" 'I remain yours sincerely,          GORG BURGESS.
" 'Lagrange, Ga.'

"This ruling was error:

"(a) Because it was necessary to disclose to the witness the contents of the letter, with its date and the place from which it was written, so as to lay the foundation for impeachment or contradiction.

"(b) Because this was a proper method of identifying the letter for the purpose of subsequent use.

"(c) Because it was proper to thus prove the letter in order to contradict the previous testimony of the witness.

"4. Because the Court refused to allow counsel for defendant to prove by several witnesses that the plaintiff was drunk at the time of the alleged injury, such ruling being error:

"(a) Because it was the right of the defendant to show the mental condition of the plaintiff at the time that the acts he testified about occurred.

"(b) Because it was the right of the defendant to show that the plaintiff was at the time of the occurrence of the acts he testified about incompetent to have seen or heard and become conscious of the same.

"(c) Because it was the right of the defendant to show what was the condition of the plaintiff at the time he went upon the right of way of the defendant, so that the jury could properly estimate whether it was negligence on the part of the plaintiff to enter upon the said right of way at the time and in his then condition.

"(d) Because the defendant had the right, under a general denial, to show that the injury was caused alone by the negligence of plaintiff.

"5. Because the Court erred in refusing to allow counsel for the defendant to examine George H. Conklin as a witness in behalf of the defendant, under the following circumstances: At the beginning of the case, at the instance of defendant, the witnesses on both sides had been sequestered. At that time it was not anticipated that Mr. Conklin would be used as a witness and he remained in the Court room during the trial on that day, during which time the only witnesses examined were the plaintiff and Dr. Butler. During the next day, Mr. Conklin was not only not in the Court room but was not in Aiken until after the noon recess, and was not in the Court room at all until called as a witness. He was offered as a witness to testify only to facts that

were brought out by the witnesses who had testified while he was out of the Court room and out of the city of Aiken, and was not to testify in connection with any facts that were testified to or about by the plaintiff or Dr. Butler. The errors in this are:

"(a) That the reason for the rule having failed, the rule should fall.

"(b) Because in the interest of justice all testimony that serves to elucidate the issues should be heard.

"(c) Because by allowing such testimony no improper advantage could possibly be had by the defendant over the plaintiff.

"6. Because the Court erred in the following charge to the jury: 'When a party is charged with negligence only, punitive damages cannot be given unless the negligence amounts to recklessness; then punitive damages can be given.' The error in such charge is, that punitive damages are not recoverable unless the act of negligence be wilful, wanton, or malicious, or so reckless as to be equivalent to wantonness. Negligence that amounts to recklessness is not sufficient to sustain punitive damages.

"7. Because the Court erred in charging the jury that 'the plaintiff charged that * * * he was struck by a car of the company and was injured bodily, and suffered bodily and *mental anguish*,' the error in such charge being that the complaint does not set forth any claim for mental anguish.

"8. Because the Court erred in refusing to give the following written request, presented by defendant: 'Voluntary intoxication will not excuse a traveler for failure to exercise ordinary care at a crossing.' Such refusal was error, because if the plaintiff's injury was caused solely by his negligence, and such negligence was due to his intoxication, the jury should have been instructed as requested. Further, this instruction should have been given in order for the jury to properly pass upon the question as to whether or not the plaintiff was negligent in going on and remaining on defendant's right of way.

"9. Because the Court erred in charging the jury as follows: 'While a railroad company cannot lose its right of way by alienation or prescription, because of the public interest in its holding it for public purposes, it may impose upon itself, as a private corporation, duties and obligations to the public or to individuals by inviting the use of the right of way or indicating its willingness that it should be used by the public or particular individuals. In such circumstances the duty devolves upon the railroad company to exercise ordinary care to avoid injury to those so using the right of way.' The charge was error, because there was no evidence to warrant the jury in the conclusion that the defendant had invited or indicated its willingness that defendant's right of way should be used by the public or particular individuals.

"10. Because the Court erred in giving the following charge to the jury: 'That a person coming to a regular station of the railroad company, with the intention of boarding a car, and within a reasonable time before the arrival and departure of the train, becomes in contemplation of law a passenger; and it is a question of fact for the jury, under all the facts and circumstances of the case, to decide whether or not the plaintiff in this case was coming to said station with the intention of becoming a passenger on defendant's car, and within a reasonable time before the arrival and departure of the car; in other words, whether or not the relation of passenger and carrier existed between the plaintiff and the defendant. If the jury finds from the evidence in this case that the plaintiff at the time of his alleged injury, if he was injured, was coming to defendant's station with the intention of becoming a passenger on one of its cars, and within a reasonable time before the arrival and departure of the car, then the jury is charged that the defendant owed the duty of exercising ordinary care not to do the plaintiff an injury.' This charge is error, because the principle involved therein is not applicable to one walking along the right of way of a railroad company, and not on or near the premises constitut-

ing the station, and not doing anything that would indicate to the defendant company his intention of becoming a passenger.

"11. Because the Court erred in charging that, if the plaintiff was entitled to recover, he was entitled to recover 'such amount as they may consider will compensate him for his injuries, both present and prospective; and for such pains and suffering as he has experienced, and his necessary expenses incident thereupon, such an additional sum as to them may seem proper by way of smart money or vindictive damages against the defendant company.' Such charge was error, because there was no evidence before the jury to show that any expenses had been incurred, and, if any, how much.

"12. Because his Honor erred when charging defendant's first request, by remarking thereon that, 'that is a proposition of law which has been laid down in *"one"* of our cases, the case of *Haltiwanger* v. *Railroad Company,*' the error being that in his later remarks he led the jury to believe that the above proposition of law had been overruled by later cases, and having been laid down in but *'one'* case, it was not the law; whereas, it is respectfully submitted, that the said request was, and still is, the law of this State.

"13. Because his Honor erred when charging defendant's second and sixth request, by reading in connection therewith, to the jury, from various cases, extracts which were not applicable under the pleadings to this case, there being no allegations in the complaint, except that the injury occurred at or near a public crossing, or a traveled place, it was error and misleading to read to the jury the law as to places not a public crossing or a traveled place, but used by the public with the knowledge and acquiescence of the defendant, without protest, and especially was this error because under all the testimony, the injury occurred neither at a public crossing or a traveled place.

"14. Because his Honor erred in charging plaintiff's third request, and in his remarks on defendant's third request, by

stating that, 'the law requires they (meaning trolley cars) shall keep a lookout for objects on the track and observe that care which an ordinary prudent person would use in doing the same thing;' the error being that they are not required to keep a lookout at all points on the track.

"15. That his Honor erred in refusing to allow the defendant to prove affirmatively by the witness, Charles Caldwell, and other witnesses produced by the defendant, that the plaintiff was at the time of the accident, walking on defendant's railroad track in an intoxicated condition; the error being that under the defendant's plea of contributory negligence, it had the right to show to the jury said fact, to be considered by them in passing on the question of the plaintiff's negligence."

*Messrs. Wm. H. Bartlett* and *Croft & Salley,* for appellant, cite: *As to disallowance of questions as to intoxication:* McKelvy on Ev., 334; 16 S. C., 550; 33 S. C., 33; 35 S. C., 549; 41 S. C., 1; 51 S. C., 79; 59 S. C., 543; Abbott's Trial Ev., 2 ed., 760; 67 S. C., 145; 7 Ency., 2 ed., 44; 70 S. C., 470; 42 S. C., 207; 44 S. C., 325; 29 Ency., 614; 30 Ency., 2 ed., 936-1096; Abbott's Trial Ev., 2 ed., 989; 2 Am. Dec., 89; 31 L. R. A., 294; Taylor on Ev., sec. 1053; 64 Ga., 374; Wigmore on Ev., sec 85; 53 Al. R., 736; 69 S. C., 1; 40 L. R. A., 131. *Witness not sequestered should have been allowed to testify:* 1 Green. Ev., 537; 35 S. C., 178. *Charge must be responsive to pleadings:* 66 S. C., 250; 67 S. C., 147; 2 Ency. P. & P., 159. *Person is not a p:ssenger until he has offered himself as such and been accepted:* 5 Ency., 488-90; Hail on Bail. & Car., 499; 22 L. R. A., 521; 147 Mass., 136; 86 Fed. R., 292; 190 Ill., 378; 124 N. C., 123; 66 S. C., 6; 39 S. C., 162. *Railw.:y company owes no duty to one on its track except not to harm him wilfully or wantonly:* 67 S. C., 509; 61 S. C., 560; 70 S. C., 183; 37 S. C., 243; 64 S. C., 110. *As to duty of keeping lookout:* 57 S. C., 253; 61 S. C., 559.

*Messrs. S. McG. Simkins* and *Hendersons,* contra (oral arguments).

July 18, 1905.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The allegations of the complaint that are material in considering the questions presented by the exceptions are as follows: "That on the evening of the 13th of April, 1903, the plaintiff being at Bath, and desiring to go to Langley, as a passenger on the said railway and its cars, approached one of its regular stopping places near a public crossing; that is to say, a public place traveled by the public and a public crossing, being known as Nellom's Crossing, and that, arriving at said station where the cars of said railway were accustomed to stop to take on passengers, and no car having arrived, he walked up and down the railway track waiting for said car, and when very near said traveled place or public crossing and very near said station, the said public crossing and traveled place and said station being near to each other, a car of said railway company approached this plaintiff, who was unaware of its coming. * * * and negligently, wilfully and wantonly, without any warning to this plaintiff, was rushed upon this plaintiff as he traveled along and near said track for the purpose of going to said station."

The defendant denied the allegations of the complaint except its corporate existence, and set up the following plea: "For a further defense, defendant alleges that plaintiff was negligent in going upon defendant's right of way, not at a station, and in remaining there, and such negligence contributed as a proximate cause to his injury, if any, without which the injury would not have occurred."

The jury rendered a verdict in favor of the plaintiff for $300.

The defendant appealed upon exceptions which will be set out in the report of the case.

*First, second, fourth and fifteenth exceptions:* These exceptions will be considered together. While the plaintiff was on the stand as a witness, he was asked, on cross-examination by defendant's counsel, the question: "Were you under the influence of liquor at the time you were hit by the car?" Also, the question: "Did you not say to Dr. Shaw at the same time in that conversation that you were drunk?" His Honor, the presiding Judge, ruled that both questions were incompetent. The defendant also offered to introduce the testimony of several witnesses to prove that the plaintiff was intoxicated at the time of the injury, but the presiding Judge ruled that the testimony was inadmissible. The defense set up in the answer not only alleged the facts constituting negligence on the part of the plaintiff, but that they contributed as a proximate cause to his injury. One of the definitions of the word *contribute* in Webster's Inter. Dic. is: "To furnish or supply in part;" and as defined in 9 Cyc., it is, to "furnish as a share or constituent part of anything." These definitions show that the defendant intended to allege that the negligence of the plaintiff was a constituent element in causing the injury.

The case of *Charping* v. *Toxaway Mills,* 70 S. C., 470, shows that these allegations are sufficient to constitute the defense of contributory negligence. When the defendant alleged contributory negligence on the part of the plaintiff in going upon its right of way, it was not necessary to allege the probative facts relied upon to show such negligence. Evidence of intoxication is competent in determining the question of contributory negligence. *Hankinson* v. *R. R.,* 41 S. C., 1, 19 S. E., 206.

But even if contributory negligence had not been set up as a defense, evidence of intoxication would have been admissible. Under a general denial a defendant can introduce testimony for the purpose of showing that the injury was caused by the negligence of the plaintiff, as this negatives the allegation of negligence by the defendant. *Ken-*

*nedy* v. *R. R.,* 59 S. C., 535, 38 S. E., 169.   One laboring under intoxication is not likely to exercise the same degree of care as an ordinary person, and, therefore, the fact of intoxication should be considered by the jury in determining the question of the plaintiff's negligence.   40 L. R. A., 143 (note).   Furthermore, the testimony was competent as tending to impair the credibility of the witness, for the reason that persons suffering from intoxication cannot reasonably be expected to give as accurate a statement of the surroundings as those whose intellects are free from such influence.   *State* v. *Rhodes,* 44 S. C., 325, 21 S. E., 807; *Bedenbaugh* v. *Ry.,* 69 S. C., 1; 30 Enc. of Law, 936; 2 Elliott on Ev., sec. 765.   The Circuit Judge, therefore, erred in excluding the testimony.

*Eighth exception:* The defendant requested the presiding Judge to charge that "voluntary intoxication will not excuse a traveler for failure to exercise ordinary care at a crossing."   The request was properly refused, on the ground that it was inapplicable to the case.

*Third exception:* The witness testified that he did not write the letter; that he could not write, and did not authorize any one to write it for him.   The presiding Judge ruled correctly that the letter could not be introduced in evidence until it was authenticated.

*Fifth exception:* It was discretionary with the presiding Judge whether he would allow the witness to testify under the circumstances, and this Court is not satisfied that there was an abuse of discretion.

The sixth exception was abandoned.

*Seventh exception:* If the Circuit Judge erred in stating the issues raised by the pleadings, it was incumbent on the appellant to call his attention to such error, otherwise it cannot be made the basis of an exception.

*Ninth exception:* The defendant requested the Circuit Judge to charge as follows: "The acquiescence by a railroad

company in the use of its right of way by pedestrians does not amount to a license to use such right of way." He said: "That is the law. It does not amount to a license. This principle I read to you applies to that." He then charged as set out in the exception. It does not necessarily follow that it is reversible error to charge a proposition of law when there are no facts in the particular case to which it is applicable. *Boggero* v. *Ry.*, 64 S. C., 104, 41 S. E., 819. In order to constitute reversible error, the Court must be satisfied that there are reasonable grounds for supposing that the jury may have been misled to the prejudice of the appellant. The Court is not satisfied that such grounds exist in this case.

*Tenth, eleventh* and *thirteenth exceptions:* The appellant does not contend that the principles stated by the presiding Judge were erroneous, but that they were inapplicable to the facts of this case. These exceptions are disposed of by what was said in considering the ninth exception.

*Twelfth exception:* His Honor charged the request, and if he afterwards charged the law erroneously, that should have been made the basis for an assignment of error.

*Fourteenth exception:* The exception contains only a portion of the charge relating to the question therein stated. When the charge in question is considered in connection with the other portions thereof, it will be found that it is free from the error assigned.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the case remanded to that Court for a new trial.

MR. JUSTICE WOODS *concurring.* While I do not think contributory negligence was properly pleaded in the answer according to the rule laid down in *Charping* v. *Toxaway Mills,* 70 S. C., 470, I concur in reversing the judgment because the evidence as to the intoxication of the plaintiff at

the time of the accident was admissible in support of the plea that the accident was due entirely to his own negligence; and also as tending to prove lack of accuracy in the statement of the plaintiff as to the circumstances under which he was injured.