## 8247

### STATE v. GLOVER.

1. APPEAL.—It is incumbent on appellant to show error in admission of evidence and that its admission was prejudicial.

2. ISSUES.—There was sufficient evidence in this case as to the identity of defendant and to connect him with the crime charged to send the case to the jury.

3. ATTORNEYS.—The objection that the Court permitted the solicitor to call the attention of the jury to the fact that the defendant did not testify is cured by the finding of the Court that he did not comment on it under the meaning of the law and by the instruction that if the jury conclude he did, they should not permit that to influence them.

4. DEFINING A REASONABLE DOUBT as a good strong, substantial doubt is not prejudicial to appellant.

5. CONSTITUTIONAL LAW—RAPE.—The act of 1909, 27 Stats., ·    , providing for punishment for rape and taking evidence in such cases is not contrary to section 17 of article III of the State Constitution, in that its caption does not refer to all the subjects embraced in the body. Nor is it in this case shown to deprive appellant of the guarantees of the Federal Constitution of due process of law, equal protection of the laws or of constitutional trial. The provisions of the second section of the act providing for the destruction of the evidence of female witnesses can have no effect on this case as the witnesses were all examined in open Court. One section of an act may be held unconstitutional and another valid.

Before DeVore, J., Orangeburg, October term, 1911. Affirmed.

Indictment against Clinton Glover. Defendant appeals on the following exceptions:

1. "Because his Honor, the Circuit Judge, erred in overruling defendant's objection to the question: 'Q. Describe the tracks and what the bloodhounds did?' The objection was as follows: 'It seems that before any testimony as to the tracks and the bloodhounds can come out that it must be shown when the measure of the tracks was taken and where they were. We object to the testimony on that ground.'

2. "The Circuit Court erred in overruling defendant's objection to the testimony of the witness, Shep Hutto, as to tracks and the drawing of tracks, after the solicitor had withdrawn the drawing from the record. 2. (a) And in refusing to strike out said testimony; (b) the Circuit Court further erred in refusing defendant's motion to restore the whole testimony as to the tracks and drawing subject to defendant's objection as a whole.

3. "The Circuit Court erred in overruling the following objection to the testimony of the witness, U. S. Way: 'We object to the witness testifying on the ground that he says that he does not know what it means to swear in Court.'

4. "Circuit Court erred in overruling defendant's objection to the following questions: 'You live on one side of the school grounds and she lives on this side?' Objected to on the ground that the same is leading.

"The Circuit Court erred in overruling defendant's objection to the following question and answer thereto: 'You have got a water closet back there where you go out? Yes, sir.' Jacob Moorer, Esq.: We do not think that ought to go in, your Honor. How is that relevant to this case? We object to the testimony on the ground that it is not in line with the crime charged. This is not the character of offense which is before the Court and where testimony of one's previous conduct is attempted to be shown it must be in line with previous acts of the same kind. Going in a closet is not in line with the kind of crime charged here.'

5. "The Court erred in overruling the following objections: 'We object to the testimony about the tracks, your Honor has ruled that out.' The Court: 'I ruled just the other way.'

6. "The Circuit Court erred in overruling the following motion: 'The motion your Honor is to direct a verdict of not guilty on the ground that the defendant has not been identified as the party who committed the crime charged, and that there is no evidence to connect him, or to show whose

tracks the dogs trailed from this house. The evidence is insufficient to sustain any verdict against him whatever.'

7. "The Circuit Court erred in permitting solicitor to draw to the attention of the jury the fact that there was no testimony introduced by the defense.

8. "The Circuit Court erred in charging the jury as follows: 'Now a reasonable doubt, as I have stated time and again in this courtroom, don't mean some fanciful or imaginary doubt, like a person might doubt whether the sun would rise tomorrow morning and not be able to give any reason for it—it does not mean that kind of a doubt—it means a good strong, substantial doubt.' This definition of a reasonable doubt misled the jury and fixed the limits for finding a reasonable doubt beyond reason."

"The Circuit Judge erred in overruling the following motion: 'The defendant moves an arrest of judgment and for a new trial upon the following grounds:

" 'First. Because there is no testimony to support the verdict of the jury.

" 'Second. Because the act under which the indictment was brought, and under which sentence was passed, entitled "An act to prescribe the punishment for rape and assault with intent to ravish, and provide for the taking depositions of female witnesses in such cases," approved the 3d day of March, A. D. 1909, is unconstitutional, null and void:

1. " 'Because said act is in violation of article 3, section 17, of the Constitution of 1895 of South Carolina.

2. " 'Because this act requires the destruction of the record in such cases, whether the defendant be convicted or acquitted.

3. " 'Because said act is in violation of the following provisions of the State and Federal Constitutions. Constitution of South Carolina, 1895:

'*'Article 1. The privileges and immunities of citizens of this State and of the United States under the Constitution shall not be abridged, nor shall any person be deprived of

life, liberty or property without due process of law, nor shall any person be denied the equal protection of the law. Section 18. In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury and to be fully informed of the nature and cause of the accusation, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to be fully heard in his defense by himself, by his counsel or by both.' Constitution of the United States, article 14:

" 'Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.' "

*Messrs. Moorer & Summers,* for appellant, cite: *Force of circumstantial evidence:* 92 U. S. 281; 37 N. Y. 580; 100 U. S. 693; Best. Ev. 95; Stark Ev. 80; 64 Conn. 329. *Withdrawing the drawing as to tracks takes out all the evidence relating to them:* 68 S. C. 121. *There was no proof of the identity of the defendant with the party committing the crime charged:* 110 Ga. 293; 88 Ala. 107; 83 S. C. 310; 70 S. C. 430; 52 S. C. 583. *Solicitor should not have referred to defendant's not going on the stand:* 9 Barb. 609; 72 Mich. 367; 40 N. W. 473; 12 L. R. A. 449; 38 Me. 261; 49 Ind. 124. *The act of 1909 violates section 17 of article III of Constitution:* 79 S. C. 91; Cool. Com. Lim. 171-173; 1 Cranch. 137; 51 S. C. 247; 59 S. C. 52; 68 S. C. 148; 16 S. C. 47; 2 S. C. 516; 74 S. C. 448. *The act also violates the due process clause of the Federal Constitution:* 176 U. S. 398; 1 Mart. 42; Thayer's Cas. Con. Law. 63, 73; 1 Bay.

252; 3 Dess. Eq. 466; Brannon 14th Amd. 97; 100 U. S. 313; 167 U. S. 409; 166 U. S. 226; 18 How. 272; 16 Wall. 36; 154 U. S. 34; 4 Wheat. 581; 17 S. C. 462; 16 S. C. 14.

*Solicitor P. T. Hildebrand,* contra.

July 6, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an appeal from the judgment of the Circuit Court, imposing the sentence of death upon the defendant, who was convicted of assault with intent to ravish.

The appellant's exceptions will be reported, and considered in their regular order.

First, Second, Third, Fourth and Fifth Exceptions. In the first place, the appellant has failed to show that there was error; and, in the second place, even if there was error, it has not been made to appear that it was prejudicial.

Sixth Exception. We do not deem it necessary to discuss the testimony in detail to show that this exception is not well founded.

Seventh Exception. It is only necessary to refer to the following charge of his Honor, the presiding Judge, to show that this exception cannot be sustained:

"Mr. Foreman and Gentlemen: At the outset I wish to say to you that it should not weigh one iota with you that the defendant did not take the stand and testify. Counsel for the defense seems to be under the impression that the solicitor commented on that fact, but I did not so understand it. He did not refer to the defendant. If you should be under the impression that he did comment on it, it should not weigh with you. According to my judgment, he did not comment on it under the meaning of the law. If you think that he did, you should not let it weigh with you, and you should not let it weigh, that he did not go on the stand."

Eighth Exception. We are unable to discover in what respects this charge was prejudicial to the rights of the appellant.

The next question for consideration is, whether there was error on the part of his Honor, the presiding Judge, in overruling the motion for a new trial and in arrest of judgment.

The contention of the appellant, that there was no testimony to support the verdict of the jury, has already been disposed of. The contention that the act of 1909 is unconstitutional, on the ground that it is in violation of article III, section 17, of the Constitution, cannot be sustained, for the reasons stated in the case of *Jellico* v. *Commissioners,* 83 S. C., 481. The ground that said act is unconstitutional because it requires the destruction of the record in such cases, whether the defendant be convicted or acquitted, cannot be sustained, as the provisions of the statute have no application to this case, as will appear from the following statement of his Honor, the presiding Judge, in overruling this ground of the motion:

"As to the second ground, it will be necessary to state the facts as they occurred in the Court at trial. The prosecutrix and party upon whom the assault was alleged to have been committed was put upon the witness stand in open Court and in public, just as all witnesses are sworn and examined; in other words, the provisions of the act of 1909 were not resorted to or taken advantage of, hence there is no reason for passing on the constitutionality of the act, unless defendant's contention is, that if a part of the act is unconstitutional the whole act is. If this be his position and contention it cannot be sustained, for the reason that the first section of the act fixes the punishment, and that section is independent of the balance of said act and can stand alone, even if the other portion of said act be unconstitutional, about which I express no opinion, as it is not necessary in this case to do so."

The ruling of the Circuit Judge is sustained by the case of *Ex parte Florence School,* 43 S. C. 11, 20 S. E. 794.

The appellant has failed to show in what respects the other constitutional provisions mentioned by him have been violated.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, and that the case be remanded to that Court for the purpose of having another day assigned for the execution of the sentence of the Court.