**STATE, Palintiff-Appellee, v NUTT, Defendant-Appellant.**

Ohio Appeals, Second District, Greene County.

No. 490.    Decided March 15th, 1946

Marcus Shoup, Prosecuting Attorney, Xenia, for plaintiff-appellee.

Merritt E. Schlafman, Dayton, for defendant-appellant.

**OPINION**

By THE COURT:

This is an appeal on questions of law from the Common Pleas Court of Greene County, Ohio, wherein the defendant was convicted on the charge of operating a motor vehicle while under the influence of intoxicating liquor.

Seven assignments of error are set forth by the defendant, but we will confine our attention only to those covered in the brief of the defendant, to wit:

1. The verdict is not sustained by the weight of the evidence; and

2. The Court erred in permitting witnesses to testify that defendant had been asked whether or not he was willing to submit to an urinanalysis test and stating that he refused to do so, over the objections and exceptions of the defendant.

The record discloses that the chief of police of the village of Osborn, Ohio, and also a physician were permitted to testify over the objections of the defendant that the defendant refused to submit to a physical examination, and also that he refused to furnish a sample of his urine for the purpose of an analysis. The defendant contends that **Art. I, Sec. 10** of the **Ohio Constitution** provides that no person shall be compelled to be a witness against himself, and that permitting the foregoing answers violated the constitutional rights of the defendant.

We have been able to find only one case in Ohio which is on all fours with the case at bar and which we think to be decisive of this question. The case referred to is **State v Gatton; 60 Oh Ap 192.** Here the Court held that on a trial for driving a motor vehicle while intoxicated, evidence that the defendant, after being arrested and confined in jail, had been asked to submit to having either a blood test or an urinanalysis made to determine the amount of alcohol in his system and had refused to have such test taken, was properly almitted over the objection that it required the defendant to testify against himself in violation of the state constitution. The Court held further that his failure to testify may be considered by the Court and jury and may be the subject of comment by counsel. The Court said:

"It will be observed in the instant case that the evidence offered was not required to be given by the defendant himself, but was given by the deputy sheriff and the doctor called by the deputy to make the examination of the defendant. We are unable to observe any merit in the defendant's claim that the introduction of such evidence violated his constitutional rights, and we believe, and hold, that the constitutional inhibition against self-incrimination relates only, as stated by Greenleaf, to disclosure by utterance. No such disclosure was required of defendant in this case."

See also 127 A. L. R. 1514.

We are therefore of the opinion that this assignment of error is not well taken.

We find further that the verdict is not against the manifest weight of the evidence and that there is ample evidence to support the conviction. The judgment is affirmed.

HORNBECK, P. J., WISEMAN and MILLER, JJ., concur.