16215

STATE v. MURPHY

(53 S. E. (2d) 402)

*Messrs C. Walker Limehouse and Hydrick & Hydrick,*
of Orangeburg, *for Appellant,* cite:

*Messrs Julian S. Wolfe, Solicitor, and T. B. Bryant, Jr.,*
of Orangeburg, *for Respondent,* cite:

May 11, 1949.

FISHBURNE, Justice.

A grand jury of Orangeburg County returned an indictment charging the appellant, J. J. Murphy, with disposing of personal property under lien, Code Section 1277. Upon trial of the case in the Court of General Sessions, at the September, 1948 term, he was found guilty and sentenced to serve imprisonment for a period of six months.

He prosecutes this appeal from an order denying his motion for a directed verdict made at the close of the testimony offered on behalf of the state. Error is also assigned relating to the admission of incompetent testimony, and with reference to the court's instructions to the jury.

We will deal first with the issue as to whether the trial court erred in refusing the motion for a directed verdict. The appellant offered no testimony. He was charged in the indictment with selling and disposing of ten Grade Guernsey heifers purchased from J. L. McLain for the sum of $1,500-.00, which were covered by the lien of a purchase money mortgage executed and delivered by him to McLain on March 20, 1947.

The heifers were kept by appellant on a farm owned by G. E. Fogle, three or four miles from the city of Orangeburg. From time to time McLain would visit the place to see how the cattle were faring. Upon receiving information several months after the sale that Murphy had sold and disposed of the mortgaged cattle and had left for parts unknown, McLain went to the Fogle place, but failed to find the cattle. Nor did he find Murphy. He thereupon made a diligent effort to locate the Guernsey cows. He went to the farm of D. E. Watford about five miles from the Fogle place, and there

recognized and identified one of the heifers which he had sold appellant. McLain was positive in his testimony with reference to the identity of this particular heifer, which he described as a pretty one of solid red color—a dark red. None of the heifers sold by McLain to Murphy were ever recovered by him. Watford volunteered no assistance to the sheriff in picking out the cows he bought from appellant from his herd of Guernseys numbering more than seventy-five.

After locating the red heifer at Watford's place, McLain brought a claim and delivery proceeding against Watford and several other parties, but the sheriff was unable to make any seizure because of his inability to identify the mortgaged property from the description given in the mortgage. Watford testified that he had bought seven Guernsey cows from appellant. The chattel mortgage described the cattle merely as "Ten (10) Grade Guernsey heifers this day purchased by me from James L. McLain."

In our opinion, the trial judge committed no error in overruling the motion for a directed verdict and submitting this case to the jury. The evidence is easily susceptible of the inference that appellant sold at least one of the mortgaged heifers to Watford—the red heifer identified by McLain. The mortgaged cattle are indiscriminately referred to in the evidence as heifers or cows.

Error is assigned on the ground that a verdict of acquittal should have been directed because the description contained in the chattel mortgage is too vague and too uncertain for the mortgage to constitute a valid lien. There is no merit in this contention. The trial judge charged the jury that a mortgage which merely describes the property as a given number out of a larger number of chattels of like character and description, without giving any data or indicating any means whereby the particular chattels intended to be mortgaged can be separated or distinguished from the remainder, is void for indefiniteness as against third persons, but such a mortgage would be valid between the parties.

The foregoing charge correctly stated the general rule that a mortgage of a specified number of articles out of a larger number is not good as against third persons or others acquiring adverse rights, unless it furnishes the data for separating the mortgaged property from the mass of articles. 10 Am. Jur., Sec. 58, page 753; 14 C. J. S., Chattel Mortgages, § 61, page 669. But as between the parties, the description of the property mortgaged is sufficient if it so identifies the chattels that the mortgagee may identify, with a reasonable degree of certainty, what property is subject to his lien. Accordingly, a description insufficient as against third persons without notice may be amply sufficient as between the mortgagor and mortgagee. 14 C. J. S., Chattel Mortgages, § 57(2), page 659.

In this criminal prosecution, the rights of third persons were not involved and the evidence shows that McLain, the mortgagee, had no difficulty in identifying one of the heifers sold by appellant to Watford as being subject to the lien of his mortgage.

Error is assigned because the trial judge charged the law of circumstantial evidence and the law applicable to accomplices in the absence of any relevant evidence relating to such issues.

The only evidence in the case which might have warranted an instruction on the law relating to accomplices was brought out on cross examination by appellant's counsel when examining the prosecuting witness McLain. The complaint in the claim and delivery proceeding was offered in evidence by appellant. It contained allegation, among others, that "Willie Murphy (brother of appellant) took possession of the cows hereinabove described and converted them to his own use and benefit, and thereafter sold seven of the aboresaid cows to D. E. Watford * *. *:" So that appellant is in no position to complain. But aside from this, the testimony offered by the state bore directly on the point that appellant, Murphy, alone sold and disposed

of the mortgaged cows to Watford. In no event could appellant have been prejudiced by the instruction given.

The state did not rely upon circumstantial evidence for conviction, and while a charge on this subject of the law might have been irrelevant, it could have resulted in no prejudice. We have held in numerous cases that it does not necessarily follow that it is reversible error to charge a proposition of law where there are no facts in the particular case to which it is applicable. In order to constitute reversible error, the reviewing court must be satisfied that there are reasonable grounds for supposing that the jury might have been misled to the prejudice of the appellant. *State v. Washington,* 80 S. C. 376, 61 S. E. 896; *Boggero v. Southern Ry. Co.,* 64 S. C. 104, 41 S. E. 819; *Sharpton v. Augusta & Aiken Ry.,* 72 S. C. 162, 51 S. E. 553. In this case no prejudice has been demonstrated.

Reversal is sought because the trial court allowed the witness Watford to testify on direct examination, over the objection of appellant, as to a conversation he had with the deputy sheriff concerning the property described in the mortgage. This is the testimony admitted over objection:

"Q. What did you tell the sheriff? A. I told him if he had papers on the cows to go ahead and take the cows.

"Q. What cows? A. Cows that I bought from Murphy."

The witness Watford was merely repeating testimony already given concerning the cows which he had bought from appellant, and the added statement with reference to what he told the sheriff, if objectionable, was merely explanatory, and could not have affected adversely any substantial right of appellant.

It is urged that the court erred in allowing the witness Watford to testify over the objection of appellant as to the transfer of some other chattel mortgage from a third person to this witness covering some machinery and cows owned by appellant Murphy. The objection was based on the fact

that the mortgage and the assignment were in writing and therefore these papers constituted the best evidence.

No effort appears to have been made by the State to give the description of any of the cows mentioned in this particular mortgage, and we do not see what bearing it has on the case. Such testimony, we think, was irrelevant and immaterial. But it was without any probative force on any material issue and constituted mere harmless error. Its admission could not have misled the jury. *State v. Evans*, 202 S. C. 463, 25 S. E. (2d) 492; *Entzminger v. Seigler*, 186 S. C. 194, 195 S. E. 244; *State v. McPhail*, 115 S. C. 333, 105 S. E. 638.

Finally it is said that the Court erred in giving the following instruction: "On the other hand if you have no such reasonable doubt about it, if you be satisfied that he is really guilty beyond a reasonable doubt, in such case you ought to find him guilty."

It is suggested by appellant that the quoted language was subject to construction by the jury to the effect that if they should be satisfied, irrespective of the evidence, that the defendant was really guilty, they should convict him. That portion of the instruction which we have quoted was preceded by clear and explicit instructions to the jury as to what constituted reasonable doubt. They were told time and again that if they entertained any reasonable doubt concerning the guilt of the accused they should render a verdict of not guilty. There is no merit in the exception raising this question.

Judgment affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.