17210

THE STATE, Respondent, v. DeWITT T. SMITH, Appellant

(94 S. E. (2d) 886)

*Edward D. Buckley, Esq.,* of Charleston, *for Appellant,*

*Messrs. Gedney M. Howe, Jr., Solicitor, and Charles J Baker, Jr., Assistant Corporation Counsel,* of Charleston, *for Respondent.*

October 26, 1956.

Moss, Justice.

The appellant, DeWitt T. Smith, was arrested and charged in the Recorder's Court of the City of Charleston with operating a motor vehicle while under the influence of intoxicating liquors, in violation of City Ordinance No. 46-58. On trial before the Recorder, with a jury, the appellant was convicted and sentenced. He appealed from such conviction and sentence to the General Sessions Court of Charleston County. The Honorable E. H. Henderson, Presiding Judge of the Ninth Judicial Circuit, dismissed the appeal from such court and affirmed the conviction of the appellant.

It appears at the trial that the City of Charleston "offered in evidence certain hearsay statements of the proprietors of the Tic-Toc Lounge and the Up-Town Restaurants, estab-

lishments located in the City of Charleston. Appellant's counsel objected specifying as a ground that under the Constitution of the State of South Carolina and of the United States the accused was entitled to be confronted by witnesses against him and he had the right to cross examine these witnesses. The Recorder admitted this evidence over the objection of Counsel." It also appears that immediately following the arrest of the appellant that he was taken to the police station where he was asked to submit to a chemical test designed to measure the alcoholic content of his blood. He refused to submit to such test. Upon trial, evidence of the fact that the appellant had refused to submit to the chemical test, for the purpose of determining the amount of alcohol in his blood at the time of the alleged violation, was offered in evidence. The Recorder permitted this testimony to be received in evidence. The appellant objected to the evidence on the ground that he could not be compelled in any criminal case to be a witness against himself and that the testimony so received violated the rights guaranteed to the appellant by Article I, Section 17 of the 1895 Constitution of South Carolina, and Amendments V and XIV of the Constitution of the United States.

The appellant also complains that it was error for the attorney for the respondent to comment to the jury upon his refusal to submit to the chemical test of his blood. The exceptions of the appellant pose the questions hereinbefore stated.

There can be no doubt that a defendant has a constitutional right to be confronted by the witnesses against him. Art. I, Section 18, of the 1895 Constitution of South Carolina provides:

"In all criminal prosecutions the accused shall enjoy the right * * * to be confronted with the witnesses against him; * * *."

This constitutional right is restated in Section 17-506 of the 1952 Code of Laws of South Carolina, which provides:

"Every person accused shall, at his trial, * * * have a right * * * to meet the witnesses produced against him face to face."

The defendant cannot be denied the right to cross-examine the witnesses against him. *State v. Mc-Ninch*, 12 S. C. 89. The personal presence of a witness is required so that the accused may cross-examine him. *State v. Bigham*, 133 S. C. 491, 131 S. E. 603. Affidavits and depositions are inadmissible in evidence in a criminal case. *State v. Hester*, 137 S. C. 145, 134 S. E. 885; *State v. Murphy*, 48 S. C. 1, 25 S. E. 43.

We adhere to the announcements made in the foregoing cases.

However, the transcript of record in this case does not show what evidence was offered by the hearsay statements of the proprietors of the restaurants referred to in such statements. An accused must be prejudiced by the admission of hearsay testimony in order to be entitled to a reversal on the ground of its admission. The record in this case does not show what the testimony was nor can we determine from the record whether it was prejudicial to the appellant or not. The burden is upon the appellant to satisfy this court that there has been prejudicial error. *State v. Mc-Phail*, 115 S. C. 333, 105 S. E. 638; *State v. Glover*, 91 S. C. 562, 75 S. E. 218; *State v. Bethune*, 88 S. C. 401, 71 S. E. 29.

In the case of *State v. Deas*, 202 S. C. 9, 23 S. E. (2d) 820, 821, this court said:

"As has been many times said, the admission of evidence is largely within the discretion of the trial judge and erroneous exercise of it must be accompanied by probable prejudice to a party in order to entitle him to a new trial for admission or rejection of questioned evidence. *State v. Gregory*, 198 S. C. 98, 16 S. E. (2d) 532."

In the case of *State v. Murphy*, 214 S. C. 517, 53 S. E. (2d) 402, 405, this court said:

"In order to constitute reversible error, the reviewing court must be satisfied that there are reasonable grounds for supposing that the jury might have been misled to the prejudice of the appellant. *State v. Washington,* 80 S. C. 376, 61 S. E. 896; *Boggero v. Southern Ry. Co.,* 64 S. C. 104, 41 S. E. 819; *Sharpton v. Augusta & Aiken Ry.,* 72 S. C. 162, 51 S. E. 553. In this case no prejudice has been demonstrated."

■ We cannot from the record determine whether or not hearsay testimony admitted in the trial of this case was prejudicial to the appellant. Since the burden was upon the appellant to show that such was prejudicial, and he having not done so, this court cannot by speculation or guess reach the conclusion that such testimony was prejudicial.

We now consider the question of whether error was committed in permitting testimony of the appellant's refusal to submit to a chemical test for the purpose of determining the amount of alcohol in his blood. We also consider the question whether it was error for counsel for the respondent to comment to the jury upon the appellant's refusal to submit to the chemical test of his blood. The appellant asserts that to admit the testimony as aforesaid and permit argument to the jury thereabout of the appellant's refusal to take the chemical test of his blood was tantamount to requiring the defendant to testify against himself, contrary to his rights under Article I, Section 17 of the 1895 Constitution of South Carolina and also under the Federal Constitution.

The answer to the foregoing question depends upon whether the constitutional privilege against self-incrimination bars admission into evidence, where the accused is charged with drunken driving, the result of a chemical test to which the defendant is subjected while under arrest. Numerous courts have held that a defendant's constitutional privilege against self-incrimination is not violated by such an examination. *U. S. v. Nesmith,* D. C., 121 F. Supp. 758; *State v. Berg,* 76 Ariz. 96, 259 P. (2d) 261; *State v. Wise,*

19 N. J. 59, 115 A. (2d) 62; *State v. Gatton,* 60 Ohio App. 192, 20 N. E. (2d) 265; *State v. Nutt,* 78 Ohio App. 336, 65 N. E. (2d) 675; *State v. Benson,* 230 Iowa 1168, 300 N. W. 275; *State v. Cram,* 176 Or. 577, 160 P. (2d) 283, 164 A. L. R. 952; *State v. Ayres,* 70 Idaho 18, 211 P. (2d) 142; *Block v. People,* 125 Colo. 36, 240 P. (2d) 512.

In the case of *Gardner v. Commonwealth,* 195 Va. 945, 81 S. E. (2d) 614, 618, the defendant was convicted of driving an automobile while under the influence of intoxicants in violation of Virginia laws. At the time of his arrest he denied that he was intoxicated. The record shows that the officer asked the defendant if he would submit to a blood test. The defendant refused. Testimony was permitted upon the trial of the case of his refusal to submit to a blood test to determine the amount of alcohol in his system. The question before the Virginia Court was whether error had been committed in admitting this testimony. The court, speaking through Chief Justice Hudgins, said:

"The specific question now under consideration was raised and decided adversely to defendant's contention in *State v. Gatton,* 60 Ohio App. 192, 20 N. E. (2d) 265, 266. There the defendant was charged with operating a motor vehicle upon the highway while intoxicated. After his arrest a deputy sheriff asked him whether he would submit to a blood test to determine the amount of alcohol in his system. The defendant declined to submit to such a test and the fact that he had refused so to do, over his objection, was admitted in evidence. Defendant contended that the admission of this testimony was a violation of his constitutional right against self-incrimination. The Appellate Court in overruling this contention said: 'It will be observed in the instant case that the evidence offered was not required to be given by the defendant himself, but was given by the deputy sheriff and the doctor called by the deputy to make the examination of defendant. We are unable to observe any merit in the defendant's claim that the introduction of such evidence violated his constitutional rights, and we believe, and hold, that

the constitutional inhibition against self-crimination relates only, as stated by Greenleaf, to disclosure by utterance. No such disclosure was required of defendant in this case.' This decision was cited with approval in *State v. Nutt*, 78 Ohio App. 336, 65 N. E. (2d) 675.

"The same question was raised in *State v. Benson*, 230 Iowa 1168, 300 N. W. 275, 277, where the Court said: 'It is proper to show the defendant's conduct, demeanor and statements (not merely self-serving), whether oral or written, his attitude and relations toward the crime, if there was one. These are circumstances that may be shown. Their weight is for the jury to determine. The fact that defendant declined to submit to a blood test is such a circumstance' which a jury may consider. 8 Wigmore on Evidence, 3d ed., Sec. 2268, p. 388, 1953 Pocket Supp., p. 128.

"There is no merit in defendant's contention that the admission of the testimony was a violation of his constitutional right against self-incrimination."

In the case of *State v. Myers*, 220 S. C. 309, 67 S. E. (2d) 506, 507, 32 A. L. R. (2d) 430, the defendant was charged with the crime of murder, and upon the State's motion an Order was granted committing the defendant to the State Hospital for the Insane for examination as to his sanity. The defendant appealed and asserted that such examination required him to incriminate himself in violation of his rights under Art. I, Section 17, of the Constitution of South Carolina, and denied to him due process of law. This court, in affirming the issuance of such Order and disposing of defendant's contentions, said:

"While there are a few early cases to the contrary, it is now almost uniformly held that where insanity is interposed as a defense, the compulsory examination of an accused by experts for the purpose of determining his mental condition and testifying in regard thereto does not violate either the constitutional privilege of the accused of not being compelled to be a witness against himself or the constitutional guaranty of due process of law. *Hunt v. State*, 248 Ala. 217,

27 So. (2d) 186; *People v. Strong,* 114 Cal. App. 522, 300 P. 84; *Ingles v. People,* 92 Colo. 518, 22 P. (2d) 1109; *Blocker v. State,* 92 Fla. 878, 110 So. 547; *Noelke v. State,* 214 Ind. 427, 15 N. E. (2d) 950; *State v. Genna,* 163 La. 701, 112 So. 655; *Commonwealth v. Millen,* 289 Mass. 441, 194 N. E. 463; *People v. Truck,* 170 N. Y. 203, 63 N. E. 281; *State v. Nelson,* 162 Or. 430, 92 P. (2d) 182; *Commonwealth v. Musto,* 348 Pa. 300, 35 A. (2d) 307; *Jessner v. State,* 202 Wis. 184, 231 N. W. 634, 71 A. L. R. 1005; *State v. Coleman,* 96 W. Va. 544, 123 S. E. 580. Also, see Rule 205, Model Code of Evidence, American Law Institute.

"We are in accord with the conclusion reached in the foregoing cases. In the examination to be had at the State Hospital, appellant will not be required to vouch for anything. Nothing will depend upon his testimonial responsibility. The personal characteristics of an accused which are commonly open and observable to all are not of that secret nature which the constitutional privilige against self-incrimination was designed to protect. For instance, a defendant may be required to stand up in court for the purpose of identification. *State v. O'Neal,* 210 S. C. 305, 42 S. E. (2d) 523. It has been held that an officer's testimony was admissible to the effect that he compared defendant's shoe with certain tracks and that it fitted, notwithstanding the fact that defendant was forced to remove her shoe, and that such conduct did not violate defendant's constitutional privilege of immunity from testimonial compulsion. *State v. Griffin,* 129 S. C. 200, 124 S. E. 81, 35 A. L. R. 1227. In *State v. Taylor,* 213 S. C. 330, 49 S. E. (2d) 289, 291, 16 A. L. R. (2d) 1317, we said: 'The weight of authority is to the effect that the guaranty against self-incrimination has no application to such physical evidentiary circumstances as may be revealed by an open exhibition of the witness' body or by an ordinary observation of his person'."

In the case of *State v. Green,* 227 S. C. 1, 86 S. E. (2d) 598, 600, the defendant was charged with the crime of rape. While he was in custody of the police officers he was ex-

amined by a physician who found a bruise on his genital organ. The defendant contended that such examination required him to incriminate himself in violation of the Constitution of this State and of the United States. In rejecting such contention, this court said:

"Appellant contends that the physical examination to which he was subjected was compulsory, he being in confinement and in the custody and presence of police officers, and that therefore such examination, and the testimony thereabout, deprived him of the due process of law guaranteed under both the Constitution of the United States and that of this State, and, further, that such examination constituted conduct on the part of the State requiring him to incriminate himself, in violation of his rights under Article I, Section 17 of the Constitution of South Carolina and the Fifth Amendment of the Constitution of the United States. But we have repeatedly held that the protection of these constitutional provisions does not extend to the exclusion of evidence obtained through search of a defendant or examination of his person unaided by his enforced testimony or positive action. *State v. Griffin,* 129 S. C. 200, 124 S. E. 81, 35 A. L. R. 1227; *State v. O'Neal,* 210 S. C. 305, 42 S. E. (2d) 523; *State v. Taylor,* 213 S. C. 330, 49 S. E. (2d) 289 [16 A. L. R. (2d) 1317]; *State v. Myers,* 220 S. C. 309, 67 S. E. (2d) 506, 32 A. L. R. (2d) 430."

We, therefore, conclude that appellant's constitutional rights were not violated by admitting testimony of his failure to submit to a chemical test designed to measure the alcoholic content of his blood. Since the testimony was admissible, it was proper for the attorney for the respondent to comment to the jury upon the appellant's refusal to submit to the chemical test of his blood. *State v. Benson,* 230 Iowa 1168, 300 N. W. 275.

In the case of *State v. Robertson,* 26 S. C. 117, 1 S. E. 443, this court said:

"It is most certainly proper, especially in criminal cases, that counsel, in addressing a jury, should keep themselves strictly within the record."

 In commenting to the jury upon the failure of the appellant to submit to the chemical test, such counsel was strictly within the record.

All exceptions are overruled and the judgment of the court below affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.