21364

The STATE, Respondent, v. James Robert **LATHAM**, Appellant.
(273 S. E. (2d) 772)

*Charles H. Chiles,* Rock Hill, and *Mike S. Jolly,* Union, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Kay G. Crowe,* Columbia, and *Sol. William L. Ferguson,* York, *for respondent.*

January 7, 1981.

NESS, Justice:

Appellant James Robert Latham was found guilty of possession of marijuana with intent to distribute, possession of

cocaine with intent to distribute, and possession of qua-
aludes. We reverse.

Appellant first asserts the trial court erred in admitting
into evidence the affidavit attached to the search warrant. We
agree.

In *State v. Smith,* 230 S. C. 164, 94 S. E. (2d) 886
(1956), we held affidavits are inadmissible in a criminal
case.

The trial court erred in admitting the search war-
■■ rant and accompanying affidavit into evidence as the
allegations contained in the affidavit were hearsay
which deprived appellant of his rights of confrontation and
cross-examination. *State v. McCoy,* S. C., 261 S. E. (2d)
159 (1979). The effect of admitting this evidence was to
allow the State to bolster its case through the use of obvi-
ously incompetent evidence. Although hearsay testimony is
admissible at a preliminary hearing, *State v. Blue,* 264 S. C.,
468, 215 S. E. (2d) 905 (1975); before a grand jury to
determine a true bill, *State v. Williams,* 263 S. C. 290, 210
S. E. (2d) 298 (1974); and to obtain a warrant, *State v.
Sullivan,* 267 S. C. 610, 230 S. E. (2d) 621 (1976) an affi-
davit is not admissible in a criminal trial.

The State argues appellant invited this error, by fail-
■ ing to accede to the admission of the face of the war-
rant, and should not be allowed to profit by it on
appeal. See *State v. Gilbert,* 273 S. C. 690, 258 S. E. (2d)
890 (1979). We disagree. The trial court admitted the war-
rant and affidavit over appellant's strenuous objection. La-
ter, the State requested appellant's consent to admit only the
face of the warrant. Appellant relying on his original ob-
jection made no further argument. We conclude appellant
did not invite this error.

Under these circumstances we hold the erroneous admission of the affidavit resulted in reversible error. A new trial must be granted.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.