23344

The STATE, Respondent v. Wayne Eugene ALEXANDER, Appellant.
(401 S.E. (2d) 167)

Supreme Court

---

*Dallas D. Ball,* Pickens, and *Salley G. Young,* Greenville, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport, Staff Atty. Miller W. Shealy, Jr.,* Columbia, and *Sol. George M. Ducworth,* Anderson, *for respondent.*

Heard Nov. 1, 1989.

Decided Feb. 11, 1991.

FINNEY, Justice:

Appellant Wayne Eugene Alexander fatally shot Charles Burrell in a bar owned and operated by Burrell. Despite appellant's claim that the shooting was accidental, he was convicted of murder. We reverse and remand for a new trial.

Approximately seven months before Burrell was killed, the appellant had been sentenced in magistrate court as a result of his arrest for entering Burrell's bar after being warned not to return. At appellant's murder trial, the court allowed into evidence a copy of the arrest warrant and bail form which reflected appellant's magistrate court conviction and sentence. The arrest warrant contained Burrell's affidavit, which read in part: ". . . In that the defendant did enter Burrell's party shop . . . with a gun after being warned not to go back."

Appellant alleges the trial court erred in admitting the affidavit into evidence. The state contends that introduction of the affidavit was harmless, asserting the evidence was merely cumulative.

It is well settled in this jurisdiction that affidavits are inadmissible in criminal cases. *State v. Stewart,* 288 S.C. 232, 341 S.E. (2d) 789 (1986); *State v. Lathan,* 275 S.C. 550, 273 S.E. (2d) 772 (1981); *State v. Smith,* 230 S.C. 164, 94 S.E. (2d) 886 (1956).

"Error in the admission of an affidavit is reversible upon a showing of prejudice." *State v. Arthur,* 290 S.C. 291, 297, 350 S.E. (2d) 187, 190 (1986); *State v. Smith, supra.* The prejudicial character of the error must be determined from its relationship to the entire case. *State v. Mitchell,* 286 S.C. 572, 336 S.E. (2d) 150 (1985).

Although several witnesses testified about the incident which led to appellant's magistrate court conviction, none cor-

roborated the affidavit evidence that the appellant did, in fact, enter the party shop with a gun. One witness, George Fortson, testified that "something was stuck up out of [appellant's] shirt" when he entered the bar. At most, this testimony raised an inference that the "something" was a gun, thereby bolstering evidence presented via the decedent's affidavit. In our view, the deceased victim's affidavit contains crucial evidence uncorroborated elsewhere in the record. We conclude that admission of the affidavit containing hearsay evidence was error in that the appellant was deprived of his right to confrontation and cross examination. *See State v. Lathan, supra; State v. Smith, supra.*

We hold that the erroneous admission of the affidavit prejudiced the appellant and constitutes reversible error. Accordingly, this case is reversed and remanded for a new trial.

In view of our disposition of this case, appellant's remaining exceptions need not be addressed.

Reversed and remanded.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.