JUDGE PRYOR
delivered the opinion op the court.
The appellants, Nunes and wife, purchased of one Metcalf a house and lot in the city of Louisville at the price of $8,600. A part of this sum was paid at the time of the purchase, and their negotiable notes executed for the balance were discounted and are now in the hands of third parties. An abstract of the title was made prior to the sale, showing the encumbrances on the property; and as the building on the lot had been recently constructed, the appellants made inquiry of Metcalf for the purpose of ascertaining the existence, if any, of liens by mechanics and material men upon the property. A statement was made of the liens and encumbrances, and these were discharged by the appellants and deducted from the purchase-price, and.a deed accepted by the appellants on the 6th of September, 1875.
On the 16th of February, 1876, the appellees, A. Wellisch & Co., instituted the present action against Nunes and wife, seeking to subject the property to the payment of a note for the sum of $610, with interest, alleged to have been executed for brick furnished Metcalf by the appellees for constructing the building^ and that they were so used is conceded by all the parties to this litigation.
The appellants resisted the claim of the appellees, upon the ground that they were innocent purchasers without notice, actual or constructive, of the existence of appellees’ lien. The proof establishes the fact that Metcalf failed to disclose his indebtedness to the appellees, believing at the time that he had ample means to meet this liability.
The rights of the parties in this case depend upon the construction given the mechanic’s lien law applicable to the county *366 of Jefferson and city of Louisville. The court below held that the appellants were not entitled to notice, and subjected the property to the payment of the debt. The act providing a mechanic’s lien law, approved February 17, 1858, embraced the city of Louisville, and was afterward extended to the whole state. (Myers’s Supplement, page 300.)
On the 2d of March, in the year 1869, the legislature passed an act entitled “An act to provide a mechanic’s lien law for the city of Louisville and county of Jefferson.” The first section designates the character of persons, etc., entitled to the lien as under the general law, and by the second section it is provided that the “ lien may be enforced by a petition in equity in the Louisville Chancery Court, or in any court of similar jurisdiction which may hereafter be established or exist in said county or city, provided such petition be filed within one year from, the completion of. the loorh or furnishing the materials.” The time for enforcing the lien is enlarged by this local enactment, and the property may be subjected at any time by filing a petition within one year from the time the work was completed or materials furnished. Section 11 of this act further provides that “ the act providing a general mechanic’s lien law for certain cities and counties, approved February 17, 1858, so far as it is inconsistent with this act, and only as to the city of Louisville and county of Jefferson, be repealed,” etc.
It is evident that in framing this local law it was intended to retain some part of the general mechanic’s lien law then applicable to the city of Louisville, and, for that reason only, so much of the general law was repealed as was inconsistent with the local law. If the legislative purpose was to make this local law operate without regard to the general law7, the general law, so far as it applies to the city of Louisville, would have been repealed and the local law made complete in itself.
The 12th section of the act of 1858 provides “that the *367 mechanic’s lien shall not be effectual or valid against a bona fide purchaser for a valuable consideration without notice, actual or constructive.”
There is no provision in the local law protecting the rights of innocent purchasers, and therefore the provision in tie general law on this subject is not inconsistent with any part of the local law. In construing the two laws as one, and taking from the general law every provision conflicting with the local statute, the provision with reference to innocent purchasers is left in full force and in perfect harmony with the local act.
It was not intended by this local legislation to disregard the rights of the innocent purchaser by giving to the mechanic an unconditional lien operating against all for the period of one year from the time he completed his work. Innocent purchasers are always favored in a court of equity, and the chancellor must find some statutory enactment controlling his action, before he will undertake to subvert this well-settled doctrine founded on a general principle of public policy. It • is true the general law of 1858 has been repealed by the General Statutes; still this does not repeal so much of the law of 1858 as is made part of the local law. The local law refers to ' and adopts so much of the general law as is not inconsistent with it, and such portions of the general law become as much a part of the local mechanic’s lien law as if they had been embodied in separate sections in the act of 1869. (21 Wis. 370, Sika v. Chicago, &c. R. R. Co.)
“If one statute refers to another for the power given by the former, the statute referred to is to be considered as incorporated into the one making the reference.” (Tomey v. Wilton, 36 Ill.; 22 Cal. 434.)
In the present case the purchaser, after the most diligent inquiry, ascertained, as he supposed, before parting with his money, all the liens upon the property, and had them removed; _ and, after using the utmost diligence and acting in the best of' *368 faith, the property is now sought to be made liable to a hidden lien that developed itself for the first time to the purchaser after a period of nine months from the time the material was furnished. Such a ruling can not be sanctioned unless denfanded by the plain letter of the statute. A contrary view of the question presented would leave the purchaser no means of shielding himself from liability for the payment of liens, the existence of which he has no mode of ascertaining. A public notice in newspapers or otherwise to lienholders to bring forward their claims would afford him no protection, and he is made to hold the property after his purchase subject to all liens for improvements upon it that may be asserted within twelve months from the time the materials were furnished or the work done. Such could not have been the intention or policy of the law-making power when enacting this local statute.
The purchasers, being without notice, actual or construc- . tive, the appellees as against them were not entitled to relief.
The judgment is therefore reversed, and cause remanded with directions to dismiss the petition.