## J. A. ROUSE *v.* S. E. JONES, ET AL.

**Mechanic's Lien—Petition in Bankruptcy.**

The holder of a mechanic's lien not having brought a suit in the state court to enforce it prior to the defendant's filing his petition in bankruptcy court for his discharge in bankruptcy, he cannot maintain his suit in the state court.

**Bona Fide Purchaser—Mechanic's Lien.**

A bona fide purchaser without actual or constructive notice cannot be affected by the lien created by the statute.

APPEAL FROM DAVIESS CIRCUIT COURT.

December 11, 1878.

OPINION BY JUDGE ELLIOTT:

Appellant, in the year 1868, furnished lumber to one S. L. Simms with which he built a still-house in Daviess county, and on the 1st day of November, 1869, and within one year from the time he furnished the material, appellant brought this suit to enforce his lien under the mechanic's lien law of Daviess county.

His claim was fully established to the extent of $381.32. Before the institution of appellant's suit F. L. Simms had filed his petition for a discharge in bankruptcy, and S. E. Jones was appointed his assignee. Jones answered that as such assignee in bankruptcy he had disposed of Simms' property under judgments in the bankrupt court, and on hearing appellant's petition was dismissed and he appeals.

Mr. Bump, in his work on the law and practice in bankruptcy, says, "No lien can be acquired and enforced by any proceeding in a state court commenced after such petition (in bankruptcy) is filed, although jurisdiction which has been previously acquired by state courts of a suit brought in good faith to enforce a valid lien upon property will not be divested."

And in *Brock v. Terrill,* 2 Nat. B. R. 190, it was decided that "the assignment to the assignee is for the benefit of creditors and is not affected by secret unrecorded liens."

The appellant having asserted his lien after his debtor had brought his suit in the U. S. Bankrupt Court for a discharge, it would seem from the authorities that he cannot sustain it in a state court, and as appellant's lien had not been recorded, it seems that it has no existence in the bankrupt court, or at least is unenforcible. Besides, as the record indicates, the bankrupt's still-house and other property had been sold and passed into the hands of innocent purchasers at the commencement of this suit, and if so appellant's lien cannot be enforced against such purchasers.

This court, in *Nunes v. Wellisch,* 12 Bush 363, in speaking of a mechanic's lien, says, in substance, that a bona fide purchaser without actual or constructive notice cannot be affected by the lien created by

the statute.  As appellant had an unrecorded lien he cannot enforce it against a purchaser under the bankrupt judgment at a sale made before the bringing of his suit.

For these reasons the judgment below is right.  Wherefore the judgment is *affirmed*.

*Ray & Walker, for appellant.*