WICKS v. THE TOWN OF DE WITT.

1. **Municipal Corporations:** NEGLIGENCE: EVIDENCE. A town is not liable in damages for the improper location of a ditch which it has authority to construct, and evidence of such improper location has no tendency to establish negligence in its construction.

*Appeal from Clinton Circuit Court.*

FRIDAY, JUNE 18.

ACTION to recover damages caused by the alleged negligent construction of a ditch in a street of the town. There was a trial by jury; verdict and judgment for the plaintiff, and defendant appeals.

*Cotton & Wolfe,* for appellant.

*K. W. Wheeler,* for appellee.

SEEVERS, J.—The authority of the defendant to construct the ditch is not denied. On the trial J. F. Horner was introduced as a witness for the plaintiff, and testified he was one of the town council at the time the ditch was constructed, and that he was one of a committee who examined it, and stated that "it looked to me as though the water ought to run on to Jefferson street—that is, west instead of south, as it is constructed. It appeared to me it would take a great deal deeper ditch to convey it on Washington street, where the ditch is, than to

take it the other way.   It looked like the natural course of the water to run."

The only tendency of this evidence was to show the improper location of the ditch.   The evidence did not tend to establish the negligent construction of the ditch.

The defendant moved the court to strike out the evidence, because it was immaterial what was the natural course of the water, and because the evidence did not prove negligence in the construction.

The motion was overruled, and the defendant excepted, and has sufficiently assigned this action of the court as error in the sixth assignment.

As the defendant was vested with full power to construct the ditch, its location, or the general plan of drainage adopted, was within the exclusive control of the municipality, and the defendant cannot be held liable for the improper location of the ditch.   *Brewster v. The City of Davenport*, 51 Iowa, 427.

The court, therefore, erred in refusing to strike out said evidence.   The court instructed the jury that as the defendant had authority to construct the ditch, it could only be held liable for negligence in so doing, but this did not cure the error in the admission of the evidence aforesaid.   *The State v. Pratt*, 20 Iowa, 267; *Becker v. Becker*, 45 Id., 239.

Other errors have been assigned, but none of them, we think, are well taken.   For the error above mentioned, the judgment is

REVERSED.