STATE OF IOWA, Appellee, v. EARL BECKNER, Appellant.

**WITNESSES: Competency—Waiver of Incompetency.**   Objection to 1   the mental competency of a witness is waived by allowing the wit-

ness to testify at length without objection. Especially is this true
when the objecting party knew that such witness would be called.

**WITNESSES:** Cross-examination—Discretion. The scope of·cross-ex-
amination is largely a matter of discretion with the court.

**CRIMINAL LAW:** Sentence—Reference to Other Statute. A criminal
statute which provides that the punishment thereunder shall be the
same as provided in *another* section of the statute, in effect writes the
punishment of the adopted statute into the adopting statute, and it
matters not that the adopted statute is thereafter repealed and a
new statute enacted.

**APPEAL AND ERROR:** Exceptions—Insufficiency. An exception to
an instruction to the effect that a witness was a competent witness,
which instruction was correct as far as it went, will not be consid-
ered, in the absence of any request for elaboration. So held in a
case in which the party entering the exception had waived the
competency of the witness by failure to object when the witness
was offered.

**CRIMINAL LAW:** Evidence—Silence of Accused When Charged With
Crime. The law does not presume that a person who remains silent
when he is accused of a specific crime is guilty, and reversible error
results from so instructing.

*Appeal from Fayette District Court.*—W. J. SPRINGER, Judge.

## MAY 13, 1924.

THE defendant was convicted of the crime of having carnal
knowledge of a female naturally of imbecility of mind.—
*Reversed.*

*Loren Risk, E. J. O'Connor,* and *E. S. Thayer,* for appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,*
Assistant Attorney-general, and *J. D. Cooney,* County Attorney,
for appellee.

FAVILLE, J.—I. The appellant challenges the competency
of the prosecuting witness.

The question of the competency of a witness is one for the

1. WITNESSES: competency: waiver of incompetency.

court, and may be determined by examining him on his *voir dire,* or by extrinsic evidence. *James v. Fairall,* 168 Iowa 427; *Campbell v. Campbell,* 130 Ill. 466 (22 N. E. 620) ; *State v. Crouch,* 130 Iowa 478.

Code Section 4601 provides:

"Every human being of sufficient capacity to understand the obligation of an oath is a competent witness in all cases, except as otherwise declared."

No objection was made at the time the witness was offered, and she testified at length, without any objection to her competency as a witness. Appellant was fully advised that the prosecutrix would be used as a witness, and was in a position to challenge her competency as a witness when she was offered as such. Since he failed to do so, the objection to the competency of the witness will be deemed waived. *State v. Hurd,* 101 Iowa 391; *State v. Marshall,* 105 Iowa 38; *State v. O'Malley,* 132 Iowa 696.

The determination of the question of the competency of a witness by the trial court will not be reversed on appeal unless an abuse of discretion is shown, in any event. *State v. Meyer,* 135 Iowa 507; *State v. Gregory,* 148 Iowa 152. We fail to find that there was any abuse of the discretion lodged in the trial court in this matter.

II. Appellant complains that the cross-examination of the prosecuting witness was too closely confined by the trial court.

We have examined the record. We are not satisfied therefrom that the trial court abused its discretion in limiting the cross-examination as was done. A great latitude was properly allowed, and we do not think the cross-examination was unduly limited. No such abuse of discretion is shown as would justify interference on our part. *State v. Chingren,* 105 Iowa 169; *State v. Brandenberger,* 151 Iowa 197; *State v. Burris,* 194 Iowa 628, 635.

2. WITNESSES: cross-examination: discretion.

III. Appellant was sentenced by the court to serve a term of imprisonment during his natural life.

Appellant is forty-one years of age, a married man, and the father of seven children, one of whom is married and the others live at home. It is unnecessary that we set out the revolting details of the transaction involved in this case. The jury was

warranted in finding appellant guilty of the crime charged. The punishment inflicted is severe. The matter of its review and the consideration of extenuating circumstances, if any exist, should be presented to the executive department. We do not feel that, under the record in this case, we would be warranted in interfering with the sentence imposed.

IV. This action is brought under Code Section 4758, which provides that, upon conviction under said section, the defendant "shall be punished as provided in the section relating to ravish-

3. CRIMINAL LAW: sentence: reference to other statute.
ment." The section then existing in the statute relating to ravishment was Section 4756, Code 1897, which provided for punishment by imprisonment in the penitentiary for life or any term of years. Chapter 192, Acts of the Thirty-ninth General Assembly, repealed Section 4756 of the Code, and enacted a new section in respect to ravishment, and provided the same penalty therefor as in the former statute. This statute took effect July 4, 1921. The crime for which appellant was indicted was committed August 23, 1922. The contention of appellant is that, under said state of facts, there was no provision of the law in 1922 fixing any penalty for the crime of which appellant is charged. This contention on the part of appellant cannot be sustained.

The following rule of statutory construction is stated in 2 Lewis' Sutherland, Statutory Construction (2d Ed.) 787, 788, 789, Section 405:

"Where one statute adopts the particular provisions of another by specific and descriptive reference to the statute or provisions adopted, the effect is the same as though the statute or provisions adopted had been incorporated bodily into the adopting statute. When so adopted, only such portion is in force as relates to the particular subject of the adopting act, and as is applicable and appropriate thereto. Such adoption takes the statute as it exists at the time of adoption, and does not include subsequent additions or modifications of the statute so taken, unless it does so by express intent. * * * The effect may be thus comprehensively stated: Where a statute is incorporated in another, the effect is the same as if the provisions of the former were re-enacted in the latter, for all the purposes of the latter statute. * * * There is another form of adoption wherein

the reference is not to any particular statute or part of a statute, but to the law generally which governs a particular subject. The reference in such case means the law as it exists from time to time, or at the time the exigency arises to which the law is to be applied.''

See *State v. Leich* (1906), 166 Ind. 680 (78 N. E. 189); *Quality Clothes Shop v. Keeney*, 57 Ind. App. 500 (106 N. E. 541); *Fitzgerald v. Lewis*, 164 Mass. 495 (41 N. E. 687); *Culver v. People*, 161 Ill. 89 (43 N. E. 812); *Jones v. Dexter*, 8 Fla. 276; *Kugler's Appeal*, 55 Pa. 123; *Cole v. Wayne Circuit Judge*, 106 Mich. 692 (64 N. W. 741); *City of St. Louis v. R. J. Gunning Co.*, 138 Mo. 347 (39 S. W. 788); *Pittsburgh, C. C. & St. L. R. Co. v. James*, 64 Ind. App. 456 (114 N. E. 833); *State v. Caseday*, 58 Ore. 429 (115 Pac. 287); *Crohn v. Kansas City Home Tel. Co.*, 131 Mo. App. 313 (109 S. W. 1068); *Skelton v. City of Newberg*, 76 Ore. 126 (148 Pac. 53); *Hutto v. Walker County*, 185 Ala. 505 (64 So. 313, and note); *Vallejo v. Reed Orchard Co.*, 177 Cal. 249 (170 Pac. 426); *State v. Ganong*, 93 Ore. 440 (184 Pac. 233); *Darmstaetter v. Moloney*, 45 Mich. 621 (8 N. W. 574); *Schlaudecker v. Marshall*, 72 Pa. 200; *United States v. Paul*, 6 Pet. (U. S.) 141 (8 L. Ed. 348); *Kendall v. United States*, 12 Pet. (U. S.) 524 (9 L. Ed. 1181); *Nunes v. Wellisch*, 75 Ky. 363; *In re Main Street*, 98 N. Y. 454; *State v. Davis*, 22 La. 77; *Evans v. Illinois Surety Co.*, 298 Ill. 101 (131 N. E. 262); *People v. Crossley*, 261 Ill. 78 (103 N. E. 537); *Gaston v. Lamkin*, 115 Mo. 20 (21 S. W. 1100); *Snell v. City of Chicago*, 133 Ill. 413 (24 N. E. 532).

The legislature, in fixing the punishment, adopted by reference the punishment provided in Section 4756 for the crime of ravishment. If there had been no section in the statute providing any punishment for ravishment, it would follow that no penalty would be provided for the crime in this case. But there was such punishment provided for in the section on ravishment. The statute therefore became operative and valid. The punishment as provided in the section relating to ravishment has remained unchanged. In other words, there has at all times been a section in the statute on ravishment, fixing an unchanged punishment. The section on ravishment and the section on carnal knowledge of an imbecile are in the same chapter, and

refer to the same general subject-matter. The evident purpose and intent of the legislature was to make the punishment identical for the two offenses. This it did by adoption, in the manner set out. This we think was sufficient; and the statute is not subject to the claim that it does not provide any punishment for the offense.

V. The court gave the jury the following instruction: "Maggie Steffens was sworn and examined as a witness. She was a competent witness, and it is for you to determine the weight to be given to her evidence. You will take into consideration her appearance and actions while on the stand, her means of knowledge, and whether or not she is corroborated by other evidence which you believe. Take all these things into consideration, and then give her evidence such weight as you believe it entitled to."

4. APPEAL AND ERROR: exceptions: insufficiency.

The only exception to this instruction is as follows:

"Defendant excepts to Paragraph 13 of the instructions for the reason that the court states to the jury that the complaining witness, Maggie Steffens, was a competent witness, when the uncontroverted evidence shows that the said Maggie Steffens was not a competent witness, but was an idiot, insane, and *non compos mentis,* at the time she testified. Her competency was a question for the jury."

The argument of appellant in this court takes a wider range than the exception to the instruction would warrant. No instruction was requested by appellant on the subject-matter referred to in Instruction No. 13. The exception to the same was obviously not well taken.

Upon the foregoing record, we cannot reverse. The instruction as given might well have been amplified, and if a request had been made therefor, the subject-matter would doubtless have been fully covered by the trial court; but the exception urged to the instruction as given is not well taken.

VI. The court gave the jury the following instruction:

"Certain evidence has been offered in relation to certain statements connecting the defendant with the crime charged, which it is claimed were made in his presence and hearing, and

that the defendant, at the time, did not deny
the said statements, but remained silent. If you
believe, beyond a reasonable doubt, that, at
about the time the defendant was arrested, he
was charged with having sexual intercourse with Maggie Steffens, at the time and place alleged in the indictment, and that he understood what the charge was, at the time it was made, and that he was being accused thereof, and he remained silent, and did not deny the same, the law will presume that, if he were innocent, he would have denied the charge; and this inference you are at liberty to consider, in connection with all the other evidence in the case.''

5. CRIMINAL LAW: evidence: silence of accused when charged with crime.

Exception was taken to this instruction.

There can be no question but that evidence in regard to the conduct of appellant when he was accused of the crime is admissible, and is proper to be considered by the jury in passing upon the question of his guilt or innocence; and it is frequently a strong circumstance in a case. The question is whether the court, in giving the instruction, went too far in saying that:

''The law will presume that, if he were innocent, he would have denied the charge; and this inference you are at liberty to consider, in connection with all of the other evidence in the case.''

The court was unfortunate in the use of the word ''presume'' in this connection. The *law* does not lay down any hard and fast rule in respect to the conduct of a person charged with crime. It is true that innocent persons so charged as a rule protest their innocence, but the failure to do so does not raise a presumption of guilt. It is a circumstance which may be considered by the jury in connection with the other circumstances in the case.

In the next clause in the instruction, the court refers to the circumstance of a failure to deny, as being an ''inference.'' We think, however, that this did not cure the error. The conduct of appellant, under the circumstances, and his failure to protest his innocence when accused of the crime, did not raise a ''presumption'' of guilt, as a matter of law. It was merely a circumstance which the jury had a right to consider, in connection with all of the other evidence in the case. The law

throws about anyone accused of crime the presumption that he is innocent, and this presumption follows him throughout every stage of the proceeding until it is overcome by proof of guilt, upon trial, beyond a reasonable doubt.  When formally accused of crime in court, on presentation of an indictment, the defendant may, if he chooses, stand mute; and no "presumption" or "inference" can be indulged in because he does so.  Some men, when accused of crime, even though guilty, vigorously and insistently protest their innocence.  Others adopt exactly the opposite course.  The circumstances under which the accusation is made may largely determine the course of conduct of the party accused.  It will not do to say that the failure of a man to deny his guilt when accused of crime raises a presumption, *as a matter of law*, that he is guilty.  As before stated, it is a circumstance which a jury may properly consider in determining the case; but it cannot be said that it rises to the dignity of a legal presumption of guilt.  The instruction was erroneous, and we cannot say that it was not prejudicial.  As bearing on the question, see *State v. Ivey*, 196 Iowa 270.

For the error pointed out, the judgment of the district court must be—*Reversed*.

ARTHUR, C. J., EVANS and STEVENS, JJ., concur.