STATE OF IOWA, Appellee, v. GEORGE BENSON, Appellant.

No. 45559.

OCTOBER 21, 1941.

REHEARING DENIED JANUARY 16, 1942.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, and Robert E. Frush, County Attorney, for appellee.

Blake Willis and C. A. Smedal, for appellant.

MILLER, C. J.—Defendant was indicted for operating a motor vehicle upon the highway while in an intoxicated condition. The verdict of the jury was guilty. Sentence was for four months in jail and a fine of $600. Defendant appeals. While several assignments of error are asserted, they involve but two propositions. First, Was there sufficient evidence to sustain the verdict? Second, Did the court err in permitting a deputy sheriff to testify that defendant declined to submit to a blood test?

I. We find no merit in the contention that the evidence was insufficient to sustain the verdict. The state introduced some eight witnesses who testified to the intoxication of the defendant. Most of the witnesses so testified without objection on the part of the defendant. Such objections as were made to the testimony are not raised as grounds for reversal. Instead, defendant urges only the rulings upon a motion for directed verdict and the motion for new trial, contending that the evidence fails to establish guilt beyond a reasonable doubt and that we should reverse to prevent a miscarriage of justice. A similar argument was urged upon us in the case of State v. Carlson, 224 Iowa 1262, 1264, 276 N. W. 770. The evidence of guilt seems to be more substantial in this case than in that one. We refused to reverse there. Our decision is the same here.

II. The second proposition is not so easily disposed of. It presents a question which has not been directly decided by this court. Defendant relies upon State v. Height, 117 Iowa 650, 91 N. W. 935, 59 L. R. A. 437, 94 Am. St. Rep. 323; Wragg v. Griffin, 185 Iowa 243, 170 N. W. 400, 2 A. L. R. 1327; State v. Weltha, 228 Iowa 519, 292 N. W. 148, and other cases. He contends that the ruling of the court on the admissibility of the testimony of the deputy sheriff violated the constitutional provision against self-incrimination. The decisions relied upon do not require a reversal.

Defendant was not compelled to give evidence of his guilt. All that occurred was that a witness testified, over objection, that defendant declined to submit to a blood test. The court instructed the jury as follows:

"Certain testimony has been received to the effect that during a conversation between the defendant and the witness,

John McCarthy, it was suggested to the defendant that he go to the hospital and take physical treatment and a blood test, and that the same was declined by the defendant.

"You are instructed that there is no law requiring any person, and in this case the defendant, to submit to any blood test; and the fact, if it be a fact, that he declined to so submit himself to such a test, is submitted and should be considered by you only as the same may be a circumstance to be considered by you together with all of the other facts and circumstances developed upon the trial hereof in determining the question as to whether the defendant was or was not intoxicated, at the time in question."

The foregoing instruction was excepted to and the ruling is assigned as error here. The proposition is raised in other ways, but counsel concede that the decisive question is whether the admission of the evidence constitutes a denial of a constitutional protection against self-incrimination. We are of the opinion that the evidence was admissible.

In the early case of State v. Pratt, 20 Iowa 267, 269, Judge Wright, speaking for this court, states:

"It seems that there was testimony tending to show that the prisoner, when arrested, was charged with the theft and made no reply. To this proof there was no objection at the time; but an instruction was asked to the effect that such testimony 'could not be used against him'. This was refused, and very properly. The objection could not regularly nor properly be raised in this manner nor at this stage of the proceedings. Then, again, while this character of proof is often entitled to but little weight, there is no rule justifying its entire exclusion. Its value is to be determined by all the circumstances, of which the jury are the peculiar judges. One person may be so confused or embarrassed, so completely taken by surprise by the unexpected and sudden arrest and charge, as, though ever so innocent, to act in a manner strongly indicative of guilt. And yet, another man, cool and self-possessed, may be able at once to command the entire situation, and though the most hardened villain, disarm suspicion and impress those around with his innocence. All these and other circumstances are to be considered.

But the fact that he was charged and made no reply or denial, may properly be shown, the effect thereof being left to the jury. Wharton, 345, note 6; 1 Greenl. Ev., Sec. 215; State v. Perkins, 3 Hawks, 377, 10 Georgia, 511.''

The foregoing pronouncement is in accord with later statements of this court. In State v. Beckner, 197 Iowa 1252, 1258, 198 N. W. 643, 645, we state:

''There can be no question but that evidence in regard to the conduct of appellant when he was accused of the crime is admissible, and is proper to be considered by the jury in passing upon the question of his guilt or innocence; and it is frequently a strong circumstance in a case.''

In the recent case of State v. Johnson, 221 Iowa 8, 19, 264 N. W. 596, 601, we state:

''The admission of testimony of the conduct of the defendant at the time he was first accused of the crime was not objectionable. In fact, the rule is, the conduct of the defendant when he is accused of the crime is admissible. 16 C. J. 549, section 1057, says:

'' 'At least in so far as they tend to connect him with the crime and are not merely self-serving, the conduct and general demeanor of the accused after the crime, his language, oral and written, his attitude and relations toward the crime, and his actions in the presence of those engaged in endeavoring to detect the criminal are always relevant, whether part of the res gestae or not.' This text finds support in State v. Beckner, 197 Iowa 1252, 198 N. W. 643; State v. Pratt, 20 Iowa 267.''

 Of course, when one is accused of a crime, he does not have to reply to the accusation. But if he declines to reply, his act of silence may be shown to the jury. We are of the opinion that the situation now before us is analogous. The request for a blood test did no more than inferentially accuse the defendant of intoxication. His refusal to submit is similar to a refusal to speak. The jury was told that he did not have to submit. The refusal was merely a circumstance to be considered. The court was right.

Defendant did not take the stand in his own defense. He

could not be compelled to testify. Section 13890, Code, 1939. However, the fact that he did not testify was a circumstance to be considered by the jury and was a proper subject for comment by the county attorney. State v. Ferguson, 226 Iowa 361, 283 N. W. 917; State v. Stennett, 220 Iowa 388, 260 N. W. 732. His refusal to testify is analogous to his refusal to submit to a blood test. Were we to concede that, pursuant to our decisions in State v. Height, supra, Wragg v. Griffin, supra, and State v. Weltha, supra, defendant could not be compelled to submit to a blood test, that does not mean that his refusal to submit to it cannot be shown and considered. He cannot be compelled to testify. Yet his refusal to testify can be considered and commented upon. If he cannot be compelled to submit to a blood test it is because he cannot be compelled to give evidence. But, since his refusal to give evidence by testifying can be considered, why cannot his refusal to give evidence by submitting to a blood test be likewise considered? We think that it can be.

The only case which has decided the exact question before us is the case of State v. Gatton, 60 Ohio App. 192, 20 N. E. 2d 265. In that case the trial court admitted, over objection, evidence of refusal of one, charged with driving while intoxicated, to submit to a blood test. On appeal the conviction was affirmed. The provision of the Ohio constitution [Art. I, section 10] on self-incrimination is as follows: "No person shall be compelled, in any criminal case, to be a witness against himself; but his failure to testify may be considered by the court and jury and may be the subject of comment by counsel." While the basis for the decision of the Ohio court is not the same as that given by us, the decision can be readily reconciled with our own.

■ Our constitution contains no express provision prohibiting self-incrimination. The only constitutional provision that would appear to guarantee such protection is the due process clause. See State v. Ferguson, supra. The statute is section 13890 of the Code, 1939, and provides as follows: "Defendants in all criminal proceedings shall be competent witnesses in their own behalf, but cannot be called as witnesses by the state." Defendant was not called as a witness by the state. He was not even called as such in his own behalf. The statutory prohibi-

tion was fully recognized. We then have the question remaining, Does the due process clause render the testimony of the deputy sheriff inadmissible? We answer, No. It is proper to show the defendant's conduct, demeanor and statements (not merely self-serving), whether oral or written, his attitude and relations toward the crime, if there was one. These are circumstances that may be shown. Their weight is for the jury to determine. The fact that defendant declined to submit to a blood test is such a circumstance. It may be shown. The jury may consider it. The evidence was admissible.

We find no error. The judgment is affirmed.—Affirmed.

STIGER, HALE, BLISS, and WENNERSTRUM, JJ., concur.

MITCHELL and SAGER, JJ., dissent.