AMANA SOCIETY, a corporation, appellant, v. GEORGE H. SELZER, appellee.

No. 49541.

(Reported in 94 N.W.2d 337)

JANUARY 13, 1959.

David G. Bleakley of Bleakley & Terpstra, of Cedar Rapids, for appellant.

Edward Von Hoene, of Williamsburg, and Messer, Hamilton & Cahill, of Iowa City, for appellee.

GARFIELD, J.—Plaintiff, a corporation for profit, brought this action in equity for an accounting against a former purchas-

ing agent of plaintiff. Paragraph 4 of defendant's answer as amended, by way of special defense to paragraph 7 of plaintiff's petition, states the information sought from defendant would tend to incriminate him or expose him to public ignominy in violation of rights against self-incrimination guaranteed him by section 622.14, Code, 1954, and the due process provisions of the State and Federal Constitutions, section 9, Article I, Iowa Constitution; section 1, 14th Amendment, United States Constitution.

Plaintiff's reply attacks as insufficient the part of defendant's answer referred to but the trial court upheld it in adjudicating law points under rule 105, Rules of Civil Procedure. We granted plaintiff this appeal, under rule 332, R. C. P., from the ruling.

Defendant challenges our order granting the appeal upon a ground urged by him but rejected by us when the appeal was allowed. We are not disposed, upon the same ground, to dismiss the appeal now after it has been submitted pursuant to the order granting it.

Plaintiff's petition alleges defendant was manager and purchasing agent of its feed mill from September 21, 1940, to May 3, 1955. Paragraph 7 states that between these dates defendant surreptitiously, without plaintiff's knowledge or consent, entered into clandestine and secret arrangements with persons, firms and corporations whose names are unknown to plaintiff, who sold it feeds and other products, whereby the sellers paid defendant moneys in amounts unknown to plaintiff in excess of $20,000 as inducements to defendant to purchase the feeds and other products; defendant retained and never accounted for this money.

Paragraph 8 of the petition alleges that on May 10, 1955, plaintiff demanded an accounting of defendant for the moneys so received by him but he has refused to make such accounting or pay over the money. Part of the prayer is that defendant be required to make a full accounting and that plaintiff have judgment for sums found to be due.

Defendant's answer admits he was manager and purchasing agent of plaintiff's feed mill from September 21, 1940, to May 3, 1955, and admits paragraph 8 of the petition. Paragraph 4

of the answer as amended, by way of special defense to paragraph 7 of the petition, states plaintiff is alleging this defendant entered into an illegal contract with certain suppliers to which plaintiff was not a party and he cannot be compelled to answer these allegations because of his privilege against self-incrimination to which we have referred.

Division II of the answer states that if defendant received the inducements or tips as alleged in the petition the payments would be illegal under Code section 741.1.

Plaintiff's reply to defendant's answer raises certain points of law, among them that any answer required of defendant to paragraph 7 of plaintiff's petition would not be admissible in a criminal action against defendant and that the allegations of paragraph 7, not having been denied, should be deemed admitted as provided by rule 102, R. C. P.

Pursuant to plaintiff's application to hear and determine the law points raised by its reply the trial court heard them and determined that plaintiff cannot establish its right to recover upon a pleading or testimony of defendant that might tend to incriminate him or expose him to public ignominy; defendant is not compelled to answer further any allegations of paragraph 7 of the petition; these allegations, if true, possibly would constitute a crime under Code section 741.1; Code section 741.3 does not apply in this civil action but by implication to criminal cases only. The court did not rule upon the point urged by plaintiff that its paragraph 7, not having been denied, should be deemed admitted as provided by rule 102. It is from this ruling on law points that we granted the appeal.

█ I. Unlike most states there is no provision in the Iowa Constitution similar to the one in the Fifth Amendment to the Federal Constitution that no person shall be compelled in any criminal case to be a witness against himself. This amendment applies only to the federal, not the state, courts. Koenck v. Cooney, 244 Iowa 153, 156, 157, 55 N.W.2d 269, 271, and citations; State v. Benson, 230 Iowa 1168, 1172, 300 N.W. 275, 277; 98 C. J. S., Witnesses, section 432; 58 Am. Jur., Witnesses, section 36, page 44.

█ The absence from our State Constitution of a provision against self-incrimination seems unimportant in view of our

previous decision that compulsory self-incrimination is a violation of the due process clause of section 9, Article I, of our Constitution. State v. Height, 117 Iowa 650, 659, 91 N.W. 935, 59 L. R. A. 437, 94 Am. St. Rep. 323. Koenck v. Cooney, supra, at page 157 of 244 Iowa, page 271 of 55 N.W.2d, cites the Height case on this point.

We may note there are a number of decisions from other jurisdictions that the privilege against self-incrimination is not included in the conception of due process. 16A C. J. S., Constitutional Law, section 589, page 651, and cases cited in notes 45 and 45.5.

In any event Code section 622.14 states: "When the matter sought to be elicited would tend to render a witness criminally liable, or to expose him to public ignominy, he is not compelled to answer, except as otherwise provided."

■ II. It seems well settled that a defendant cannot be required by his answer to a pleading to state facts which will tend to criminate him, since the answer may be read in evidence as an admission upon the trial. People ex rel. Moll v. Danziger, 238 Mich. 39, 213 N.W. 448, 52 A. L. R. 136, and annotation, 143; 98 C. J. S., Witnesses, section 433, page 246; 58 Am. Jur., Witnesses, section 45, page 50.

■ However, the privilege against self-incrimination may not be claimed by one to whom there has been extended by a valid statute complete immunity from prosecution for any offense to which the evidence relates. Such a person may be compelled to furnish evidence although it may incriminate him. It is sometimes said the full immunity thus extended is regarded as equivalent to the protection against self-incrimination. Koenck v. Cooney, supra, 244 Iowa 153, 157, 55 N.W.2d 269, 271, and citation; Brown v. Walker, 161 U. S. 591, 16 S. Ct. 644, 40 L. Ed. 819; Halpin v. Scotti, 415 Ill. 104, 112 N.E.2d 91, 93, and citations; Ross v. Crane, 291 Mass. 28, 195 N.E. 884, 886; Annotations 27 A. L. R. 139, 141; 118 A. L. R. 602, 619; 98 C. J. S., Witnesses, section 439; 58 Am. Jur., Witnesses, section 86.

■ It is also generally held where prosecution for the criminal act which would be disclosed is shown to be barred by the statute of limitations the privilege against self-incrimina-

tion does not apply. Hale v. Henkel, 201 U. S. 43, 67, 26 S. Ct. 370, 50 L. Ed. 652, 663; Moore v. Backus, 7 Cir., 78 F.2d 571, 101 A. L. R. 379, 387, 388, certiorari denied 296 U. S. 640, 56 S. Ct. 173, 80 L. Ed. 455; Jonitz v. Jonitz, 25 N. J. Super. 544, 96 A.2d 782, 786; 8 Wigmore on Evidence, Third Ed., section 2279; 98 C. J. S., Witnesses, section 438; 58 Am. Jur., Witnesses, section 84.

III. The principal statute defendant claims he is accused of violating is Code section 741.1 which provides: "It shall be unlawful for any agent, representative, or employee, * * * of a private corporation, * * * acting in behalf of a principal in any business transaction, to receive, for his own use, directly or indirectly, any gift, commission, discount, bonus, or gratuity connected with, relating to, or growing out of such business transaction; * * *." Section 741.2 makes violation of 741.1 a misdemeanor.

We must agree with defendant that the facts alleged in paragraph 7 of the petition probably constitute a violation of section 741.1 which defendant is not required to admit in his answer unless he is granted full immunity from prosecution for any offense to which the admitted facts relate or unless it is shown such prosecution is barred by the statute of limitations.

Plaintiff does not argue it has been shown that prosecution for any offense growing out of the matters alleged in its paragraph 7 is barred by the statute of limitations although any such offense must have been committed not later than May 10, 1955. The statutory period is three years after commission of the offense. Code section 752.3. And defendant's answer admits he is now and was at all times mentioned in the petition a resident of Iowa. Since plaintiff does not argue the point now referred to we do not base a reversal thereon. We may observe, however, that unless a criminal prosecution was commenced against defendant on or before May 10, 1958, his fear of self-incrimination seems groundless.

Plaintiff does contend sections 741.3, 741.4 grant defendant full immunity from prosecution for any offense growing out of the facts alleged in paragraph 7. These statutes provide:

"741.3 Testimony tending to incriminate. No person shall be excused from attending, testifying, or producing books,

papers, contracts, agreements, and documents before any court in obedience to the subpoena of any court having jurisdiction of the misdemeanor on the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him, may tend to incriminate him or subject him to a penalty or forfeiture.

"741.4 Immunity from prosecution. No person shall be liable to any criminal prosecution, for or on account of any transaction, matter, or thing concerning which he may testify or produce evidence, documentary or otherwise, before said court or in obedience to its subpoena or in any such case or proceeding, provided that no person so testifying or producing any such books, papers, contracts, agreements, or documents shall be exempted from prosecution and punishment for perjury committed in so testifying."

As before indicated, the trial court held the statutes just quoted compel testimony, and grant immunity from prosecution for a crime to which the testimony relates, only where it is given before a court having jurisdiction of the misdemeanor referred to in section 741.2 and do not grant immunity from prosecution because of evidence produced in a civil case. The court apparently thought the language in 741.3, "any court having jurisdiction of the misdemeanor", means any court with jurisdiction of the subject matter before which a criminal charge of such misdemeanor is pending. Also that the words "before said court" in 741.4 granting immunity refer back to the court 741.3 mentions.

These statutes are fairly susceptible to substantially the construction the trial court gave them and we are not prepared to disagree with it. There is little doubt the words last-quoted from 741.4 refer to the same court 741.3 does. The word "jurisdiction" is one of large import, having different meanings, dependent on the connection in which it is found. 50 C. J. S., page 1090. See also 14 Am. Jur., Courts, section 160. In a sense any district court has jurisdiction of the class of cases to which chapter 741 refers. In another commonly accepted sense, only the court in which the charge of misdemeanor is pending has jurisdiction to hear and determine the particular charge.

█ "In the sense, however, in which the term ordinarily is used, jurisdiction may be concisely stated to be the right to adjudicate concerning the subject matter in a given case." 14 Am. Jur., Courts, section 160. See also 50 C. J. S., pages 1090, 1091; 21 C. J. S., Courts, section 15a, pages 29, 30. We have said jurisdiction means the right of the court to adjudicate concerning the subject matter in a case, with the parties properly before it. Woods v. Christensen, 249 Iowa 232, 235, 86 N.W.2d 98, 100. Much to this effect are Stucker v. County of Muscatine, 249 Iowa 485, 490, 87 N.W.2d 452, 455, 456, and citations.

If "jurisdiction" is accorded the meaning just indicated, the trial court in this case does not have jurisdiction of the misdemeanor referred to in sections 741, 742 and so sections 741.3, 741.4 do not grant defendant immunity from prosecution on account of matters to which he may furnish evidence in the present civil case.

█ IV. There remains the vital question of the consequences *in this civil suit* of defendant's failure to deny the allegations of plaintiff's paragraph 7. With an exception not applicable here, rule 102, Rules of Civil Procedure, provides: "Every fact pleaded and not denied in a subsequent pleading * * * shall be deemed admitted * * *." We think the trial court erred in not ruling that defendant's failure to deny plaintiff's paragraph 7 should be deemed an admission thereof.

Defendant's position must be that rule 102 as applied in this case is a denial of due process. We are unwilling to so hold and think our own decisions and a number from other jurisdictions by clear analogy support this conclusion. Defendant's brief and argument virtually ignores this important point.

State v. Ferguson, 226 Iowa 361, 372, 373, 283 N.W. 917, 923 holds that the effect of a defendant's refusal to testify *in a criminal case* is a matter for the legislature to determine and the expression of legislative intent that such failure is a proper subject of comment is not a violation of due process. This from the opinion is applicable here: "* * * if he chooses not to testify in his own behalf, the effect of such choice, as an inference or presumption of guilt, does not come within the contemplation of what constitutes due process of law. If the effect of such choice is to be determined by Constitutional pro-

vision, it must be determined by some provision other than the due process clause. If the Constitution contains only the due process clause, as does our Constitution, then the effect to be given the failure to testify is a matter for the legislature to determine."

We have repeatedly held our Rules of Civil Procedure have the force and effect of statute. Van Gundy v. Van Gundy, 244 Iowa 488, 495, 56 N.W.2d 43, 46, and citations; Hindman v. Reaser, 246 Iowa 1375, 1378, 72 N.W.2d 559, 561. We may observe that the provision of rule 102 quoted above is substantially the same as section 11201, Code, 1939, which the rule supersedes.

State v. Graff, 228 Iowa 159, 173, 290 N.W. 97, cites State v. Ferguson, supra, as holding that while the failure of an accused to testify did not deprive him of the presumption of innocence, the jury was entitled to consider it as an inference of guilt and the county attorney could comment upon it.

State v. Benson, 230 Iowa 1168, 1171, 1172, 300 N.W. 275, 277, holds evidence is admissible that one accused of operating a motor vehicle while intoxicated declined to submit to a blood test. Benson contended such evidence was a violation of due process, relying upon State v. Height, supra, 117 Iowa 650, 91 N.W. 935, 59 L. R. A. 437, 94 Am. St. Rep. 323. We rejected the contention. We have subsequently approved the Benson decision and there are precedents in other jurisdictions similar to it. See State v. Case, 247 Iowa 1019, 1028, 75 N.W.2d 233, 239.

There is much authority for the proposition that it is proper in a civil case to draw an inference of the fraud or other misconduct with which a litigant is charged from his refusal to testify upon the ground of self-incrimination. Such decisions include Fross v. Wotton, 3 Cal.2d 384, 44 P.2d 350, 354, 355; Stillman Pond, Inc., v. Watson, 115 Cal. App.2d 440, 252 P.2d 717, 718; Fellows v. Wilson, 31 Barb. (N. Y.) 162; Bradley v. O'Hare, 2 App. Div.2d 436, 156 N. Y. S.2d 533, 540; Ikeda v. Curtis, 43 Wash.2d 449, 261 P.2d 684, 690. See also Morris v. McClellan, 154 Ala. 639, 45 So. 641, 16 Ann. Cas. 305; McCooe v. Dighton, S. & S. St. R. Co., 173 Mass. 117, 53 N.E. 133, 134.

Ikeda v. Curtis, supra, states at page 458 of 43 Wash.2d: "When a witness in a civil suit refuses to answer a question on the ground that his answer might tend to incriminate him, the result sought to be achieved by invoking the constitutional privilege is accomplished. Such refusal cannot be used against him in a subsequent criminal proceeding. However, the trier of facts in a civil case is entitled to draw an inference from his refusal to so testify."

8 Wigmore on Evidence, Third Ed., 1957 Pocket Supp., section 2272, page 181, says: "* * * while his claim of privilege may not be used against him in a subsequent criminal prosecution, an inference that his testimony would have been unfavorable to him is available to the opponent in the civil cause." To the same effect is 98 C. J. S., Witnesses, section 455, page 308.

8 Wigmore, Third Ed., section 2272, page 412, states the number of courts that permit an unfavorable inference to be drawn in a civil case from a person's exercise of his privilege against self-incrimination is gradually being enlarged.

The annotation in 52 A. L. R. 143, 148, 149; says: "It may be laid down as a principle that no person will be compelled to answer or file a pleading, the result of which will be to subject, or possibly subject, him to criminal punishment by reason of the disclosures made therein; but he cannot assert such right or privilege as a ground * * * for escaping the consequences of his failure to answer. * * * In other words, he cannot escape the civil consequences of his default in answering the allegations of his adversary."

In summary, we hold defendant's failure or refusal to deny the facts pleaded in paragraph 7 of plaintiff's petition is, under rule 102, deemed an admission thereof and this application of the rule in the present suit does not deny defendant due process of law. Because the trial court erred in not so holding, upon the considerations explained in this division hereof the ruling appealed from is reversed and the cause is remanded for further proceedings in harmony with this opinion.—Reversed and remanded.

All JUSTICES concur except LARSON and THORNTON, JJ., who take no part.