STATE of Iowa, Appellant,

v.

Anthony RODRIGUEZ, Appellee.

No. 08–1868.

Supreme Court of Iowa.

Dec. 23, 2011.

Thomas J. Miller, Attorney General, Laura Roan and Elisabeth S. Reynoldson, Assistant Attorneys General, and William J. Shafer, County Attorney, for appellant.

Judith M. O'Donohoe, Charles City, and Jeremiah W. White, West Union, for appellee.

WIGGINS, Justice.

In this case, we are asked to decide whether a defendant's right to speedy trial was violated, whether a district court judge should have recused himself, and whether the State is entitled to an independent psychiatric evaluation of a defendant when the defendant puts his mental capacity to knowingly, intelligently, or voluntarily waive his *Miranda* rights at issue. The court of appeals determined that the defendant's right to a speedy trial was not violated and that, under the record, the judge should not have recused himself. Pursuant to our discretion to decide issues after granting further review, we will let

the court of appeals decision on these two issues stand as the final decision.

In regards to the third issue, we hold that when a defendant puts at issue his or her mental capacity to knowingly, intelligently, or voluntarily waive his or her *Miranda* rights, the State is entitled to obtain an independent psychiatric evaluation of the defendant. We further hold that, in order to protect the defendant's constitutional right against self-incrimination,[1] the safeguards found in *State v. Craney*, 347 N.W.2d 668, 673 (Iowa 1984), regarding the expert's testimony following the evaluation, are applicable. Additionally, the expert should not disclose to the State the same matters about which *Craney* prohibits an expert from testifying. Accordingly, we affirm the decision of the court of appeals, reverse the judgment of the district court, and remand the case for further proceedings consistent with this decision.

## I. Prior Proceedings.

On April 14, 2008, the State charged Anthony Rodriguez with second-degree sexual abuse, willful injury, and domestic abuse assault. Several times during the proceedings, Rodriguez filed limited waivers of speedy trial. Rodriguez filed an amended motion to suppress pursuant to Iowa Rule of Civil Procedure 2.11(2)(c) on September 23. In this motion, Rodriguez claimed he did not knowingly and voluntarily waive his *Miranda* rights. On October 30 and November 10, Rodriguez filed psychiatric evaluations concerning his mental competence. It appears Rodriguez based his suppression motion on his inability to knowingly and voluntarily waive his *Miranda* rights because of his mental condition.

The district court set a hearing on the motion to suppress for November 10. At the suppression hearing, the State requested permission to obtain its own independent psychiatric evaluation of Rodriguez. On November 17, the court denied the State's request for the independent evaluation. Rodriguez then filed a motion to dismiss for lack of a speedy trial.

The State sought discretionary review of the district court order denying its request for the independent evaluation. We granted the request for discretionary review and transferred the case to the court of appeals. Rodriguez requested a limited remand to take up his motion to dismiss for violation of his right to a speedy trial. The district court granted this motion, concluding that Rodriguez's speedy trial rights had been violated, and dismissed the case. The State appealed, and we consolidated the appeals. On appeal, the State raised for the first time that the district court judge should have recused himself from the case. The court of appeals reversed the district court's decision to grant Rodriguez's motion to dismiss based on a violation of his speedy trial rights, refused to address the recusal issue because the State did not raise the issue in the district court, and concluded the State was entitled to an independent psychiatric evaluation of Rodriguez in connection with the issues raised in Rodriguez's motion to suppress.

Rodriguez requested further review of the court of appeals decision, which we granted.

---

1. The Fifth Amendment to the United States Constitution provides, in relevant part, "No person shall be ... compelled in any criminal case to be a witness against himself...." Compulsory self-incrimination is also a viola-tion of the due process clause of section 9, article I, of the Iowa Constitution. *Amana Soc'y v. Selzer*, 250 Iowa 380, 383–84, 94 N.W.2d 337, 339 (1959).

## II. Issue.

The court of appeals decided three issues on appeal. First, whether the district court was correct in dismissing the case because the State violated Rodriguez's speedy trial rights. Second, whether the district court judge should have recused himself. Third, whether the State was entitled to its own independent psychiatric evaluation of Rodriguez.

■ When a party requests further review of a court of appeals decision, we have the discretion to review any issue raised in the original appeal. *Hills Bank & Trust Co. v. Converse*, 772 N.W.2d 764, 770 (Iowa 2009). In the exercise of our discretion, we choose only to address the issue dealing with the State's request to obtain an independent psychiatric evaluation of Rodriguez. As to the other two issues raised on appeal, the court of appeals opinion will stand as the final decision in this appeal. *State v. Marin*, 788 N.W.2d 833, 836 (Iowa 2010).

## III. Scope of Review.

We must determine the power of a court to allow the State to require a defendant to submit to an independent psychiatric evaluation when the defendant claims he lacked the mental capacity to knowingly, intelligently, or voluntarily waive his *Miranda* rights. Our determination is based on the inherent power of the court to order such an evaluation. Accordingly, our review is for correction of errors at law. Iowa R.App. P. 6.907.

## IV. Analysis.

■ We agree with the well-reasoned decision of the court of appeals that the State is entitled to obtain its own independent psychiatric evaluation of Rodriguez. In reviewing criminal cases, we normally write about fundamental fairness in a trial as a principle to protect a defendant's rights. The American Bar Association's standards remind us that this principle is equally applicable to the plaintiff, the State—the people of Iowa. The ABA standards provide:

> The trial judge has the responsibility for safeguarding *both the rights of the accused and the interests of the public in the administration of criminal justice*. The adversary nature of the proceedings does not relieve the trial judge of the obligation of raising on his or her initiative, at all appropriate times and in an appropriate manner, matters which may significantly promote a just determination of the trial. The only purpose of a criminal trial is to determine whether the prosecution has established the guilt of the accused as required by law, and the trial judge should not allow the proceedings to be used for any other purpose.

*ABA Standards for Criminal Justice: Special Functions of the Trial Judge* 6-1.1(a), at 1 (3d ed.2000) (emphasis added).

■ The State has the burden to prove by a preponderance of the evidence that Rodriguez knowingly, intelligently, and voluntarily waived his *Miranda* rights. *State v. Ortiz*, 766 N.W.2d 244, 249 (Iowa 2009). In the past, when the State had the burden to disprove an accused's claim of insanity,[2] we allowed the State to require a

---

**2.** In 1974, we placed the burden on the State to disprove an accused's claim of insanity. *State v. Thomas*, 219 N.W.2d 3, 5 (Iowa 1974). In 1984, the legislature amended Iowa Code section 701.4 to place the burden on the accused to prove the defense of insanity. 1984 Iowa Acts ch. 1320, § 1 (codified at Iowa Code § 701.4 (1985)). Even after the burden of proof shifted, we still allow the State to obtain an independent psychiatric evaluation when the accused raises the de-

defendant to submit to a psychiatric evaluation when the defendant raised the question of insanity as a defense. *State v. Seehan,* 258 N.W.2d 374, 377 (Iowa 1977). In reaching this conclusion, we cited an Eighth Circuit Court of Appeals decision that stated:

> Whether one frames his approach in terms of waiver or of fundamental fairness buttressed with appropriate protective instructions, we fail to perceive any constitutional violation or prejudicial error in what the trial court did here. Certainly, the criminal trial is still a search for truth subject, of course, to constitutional guaranties. It would be a strange situation, indeed, if, first, the government is to be compelled to afford the defense ample psychiatric service and evidence at government expense and, second, if the government is to have the burden of proof, as it does with the competency issue in the case, and yet it is to be denied the opportunity to have its own corresponding and verifying examination, a step which perhaps is the most trustworthy means of attempting to meet that burden. Yet that is precisely what the defense claims is appropriate here.
>
> While we have recognized that expert medical opinion may not always be an essential on the government side of a competency issue, it is certainly advisable and to be encouraged as an important factor in the ascertainment of the truth. The New Jersey court phrased it well in *State v. Whitlow:* "An accused who asserts lack of criminal guilt because of insanity and who fully cooperates with psychiatrists engaged by him for examination purposes, answering all questions put to him including those relating to the crime itself, ought not to be allowed to frustrate a similar com-

prehensive examination by the State by asserting the bar against self-incrimination. He ought not to be able to advance the claim and then make the rules for determination of the claim."

*Pope v. United States,* 372 F.2d 710, 720–21 (8th Cir.1967) (citations omitted) (quoting *State v. Whitlow,* 45 N.J. 3, 210 A.2d 763, 770 (1965)), *vacated on other grounds,* 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317 (1968).

We agree with Rodriguez that our rules do not allow the State to obtain a psychiatric evaluation of a defendant to determine if he or she knowingly, intelligently, and voluntarily waived his or her *Miranda* rights. However, the same rationale that required us to allow the State to obtain a psychiatric evaluation if the defendant raised his or her sanity applies when a defendant claims he or she lacked the mental capacity to knowingly, intelligently, or voluntarily waive his or her *Miranda* rights. Therefore, we hold that the court has inherent authority under these circumstances to require such an evaluation and that the trial court erred in failing to allow the State to obtain the evaluation.

Although we have held the State is entitled to obtain an independent psychiatric evaluation of Rodriguez, we still must protect Rodriguez's constitutional right against self-incrimination, a right that may be compromised by requiring such an evaluation. We believe the best way to protect that right is to incorporate the same safeguards we afford a defendant when a court orders that defendant to submit to an evaluation under rule of criminal procedure 2.11(11)(*b*)(2). In *Craney,* we stated we could protect a defendant's constitutional rights by adhering to the following rule:

> Although opinions adopting various views can be found on the question of

fense of insanity. Iowa R.Crim. P. 2.11(11)(*b*)(2).

the admissibility of the testimony of an expert who examines or evaluates a defendant in connection with pending or impending litigation, we are persuaded the better view is that a distinction should be drawn between testimony by the expert (a) which on the one hand gives (i) his opinion on sanity or insanity and (ii) his non-incriminatory observations in arriving at his opinion including non-incriminatory statements by the defendant, and (b) which on the other hand gives his incriminatory observations in arriving at his opinion including incriminatory statements by the defendant. Opinions, observations, and statements under branch (a) are admissible, but observations and statements under branch (b) are inadmissible. Under these principles, an observation or statement is not "incriminatory" merely because it tends to show the defendant is sane. 347 N.W.2d at 673. We also believe that to fully protect a defendant's constitutional rights, an expert should not disclose to the State any opinions, observations, or statements that fall under branch (b).

Accordingly, the rules found in *Craney* regarding the admissibility of the testimony of an expert who examines or evaluates a defendant in connection with pending or impending litigation, together with our additional limitation on disclosure, are applicable when the State obtains an independent psychiatric evaluation to determine if a defendant had the mental capacity to knowingly, intelligently, or voluntarily waive his or her *Miranda* rights.

## V.  Disposition.

We find the district court has the inherent power to order a defendant to submit to an independent psychiatric evaluation if that defendant puts at issue his or her mental capacity to knowingly, intelligently, or voluntarily waive the defendant's *Miranda* rights. We further hold the safeguards found in *Craney,* together with our additional safeguard regarding the disclosure of information by the expert, will guarantee the State a fair trial and protect the defendant's constitutional rights. Therefore, we affirm the decision of the court of appeals on the issue regarding the State's right to obtain a psychiatric evaluation of the defendant to determine if he had the mental capacity to knowingly, intelligently, or voluntarily waive his *Miranda* rights. Further, we let the court of appeals opinion stand as the final decision in this appeal as to whether the district court was correct in dismissing the case because the State violated Rodriguez's right to a speedy trial and whether the district court judge should have recused himself. Finally, we reverse the judgment of the district court and remand the case for trial consistent with this opinion.

**DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

All justices concur except MANSFIELD, J., who takes no part.